## A90A2000. MELLS v. THE STATE.
(398 SE2d 785)

BIRDSONG, Judge.

As an indigent, pro se appellant Jimmy Lee Mells appeals his judgment of conviction of possession of cocaine with intent to distribute and of misdemeanor possession of marijuana.

After failing to file timely enumerations of error and appellant's brief, appellant was tendered a five-day warning letter. He claims that without timely access to a copy of his trial transcript he could not comply with the order. In the interim an amicus brief was filed in appellant's behalf by the Prisoner Legal Counseling Project, a legal services agency and clinical legal education program operated by the University of Georgia School of Law. Amicus curiae essentially asserts the record is silent regarding whether appellant made a knowing, intelligent, and voluntary relinquishment of his right to appellate counsel, without being informed of the dangers thereof. Amicus contends that this case should be remanded so these deficiencies can be corrected in a proper post-trial proceeding. We agree. *Jacobs v. State*, 184 Ga. App. 869 (363 SE2d 155); see generally *Cochran v. State*, 253 Ga. 10 (315 SE2d 653); *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749); *Chapman v. State*, 183 Ga. App. 376 (359 SE2d 14); compare *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49); *Roberts v. Caldwell*, 230 Ga. 223, 224 (196 SE2d 444); *Moss v. State*, 196 Ga. App. 81 (1) (395 SE2d 363); *Black v. State*, 194 Ga. App. 660 (1) (391 SE2d 432).

Although appellant asserts he filed a proper request with the court below for a trial transcript and all other documents pertinent to his case, the suppression motion hearing has not been transcribed. In the interest of judicial economy, the trial court also should ascertain whether a request for transcription of the suppression motion hearing has been duly filed and, if so, take appropriate action with respect thereto.

This appeal is dismissed without prejudice and remanded for an appropriate post-trial proceeding, consistent with the authority above cited, regarding whether appellant desires to knowingly, intelligently and voluntarily relinquish his right to appellate counsel.

*Appeal dismissed and case remanded with direction. Banke, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 30, 1990.

Jimmy Lee Mells, *pro se.*
*Michael C. Eubanks, District Attorney*, for appellee.
*Francis X. Norton, Jr.*, amicus curiae.