A92A1342. MELLS v. THE STATE.
(424 SE2d 844)

COOPER, Judge.

Appellant was convicted in a jury trial of possession of marijuana and possession of cocaine with intent to distribute. This is the second

appearance of appellant before this court. See *Mells v. State*, 197 Ga. App. 431 (398 SE2d 785) (1990). After the first appearance, on remand, the trial court determined that appellant did not waive his right to appellate counsel and that appellant was effectively represented at trial. The court then appointed counsel to represent appellant on appeal and granted appellant's out-of-time appeal from the entry of judgment on the verdict and sentence.

1. Appellant enumerates as error the introduction of his 1987 conviction for possession of cocaine on the ground that the State failed to make the proper showing that the prior offense was similar to the crime with which he was charged in accordance with *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) and *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991). "[B]efore any evidence of independent offenses or acts may be admitted into evidence, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B). At that hearing, the state must make three affirmative showings as to each independent offense or act it seeks to introduce. The first of these affirmative showings is that the state seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility. The second affirmative showing is that there is sufficient evidence to establish that the accused committed the independent offense or act. The third is that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. [Cit.] After the 31.3 (B) hearing, and before any evidence concerning a particular independent offense or act may be introduced, the trial court must make a determination that each of these three showings has been satisfactorily made by the state as to that particular independent offense or act." *Williams*, supra at 642 (2b). Prior to trial, State notified appellant of its intention to introduce evidence of the 1987 conviction. However, at the 31.3 (B) hearing, the only showing made by the State prior to the introduction of the conviction was that the prior conviction for possession of cocaine involved 21 pieces of crack cocaine. The State did not demonstrate "how the conduct giving rise to the previous conviction was similar to the conduct alleged in the present case." Id. at 643 (2d). Nor did the State "inform the trial court of the purpose for which the evidence was being offered and, therefore, it was impossible for the trial court to make the essential preliminary determination as to whether the state was introducing the evidence for an appropriate purpose." Id. contrary to the State's position, appellant's objection to the evidence was properly preserved below; therefore, the conviction must be reversed.

2. Appellant contends the trial court also erred in allowing the

State to elicit hearsay testimony from the arresting officer. At trial, the arresting officer was asked whether appellant's girl friend ever told him the drugs seized from a search of appellant's home were hers. Defense counsel objected, and the officer was permitted to answer. This clearly constituted hearsay testimony; however, any error in admitting the testimony was rendered harmless by the woman's testimony to the same facts later in the trial. "Evidence which is cumulative of other legally admissible evidence of the same fact, renders harmless admission of incompetent evidence. [Cits.]" *Lynn v. State*, 181 Ga. App. 461, 464 (2) (352 SE2d 602) (1986).

*Judgment of conviction reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 4, 1992.

*Charles R. Sheppard*, for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, J. Wade Padgett, Assistant District Attorneys*, for appellee.