A96A1248. PENSON v. THE STATE.
(474 SE2d 104)

Judge Harold R. Banke.

Allen Wayne Penson was convicted of burglary and two counts of arson for illegally entering and setting fire to the Walker County Rescue Building and a vehicle. Following the denial of his motion for new

trial, Penson appeals, enumerating several errors.

The State's evidence was as follows. A person fitting the description of Penson was seen with a sandy-colored dog near the rescue building prior to the outbreak of the fire. Penson lived just 500 feet from the building and owned a sandy-colored dog. Investigators discovered blood at the scene indicating that someone may have broken a window to obtain entry. Penson had cuts or scratches on his arm which he claimed were from briars. Pursuant to a consent search of Penson's home, police found a sheet of ordinary notebook paper which had bloodstains on it. A volunteer member of the rescue squad identified the notebook sheet as a "doodle sheet" which he had scribbled on and had either thrown in the garbage or left on the desk in the break room.

During the State's case-in-chief, Investigator Ken Palmer from the State Fire Marshal's Office qualified as an expert in the field of arson investigation. Through Palmer, the State introduced evidence of an FBI serial arsonist profile titled, "Record on Essential Findings of the Study of Serial Arsons." During a hearing on the proffered testimony, Penson objected, arguing that the profile information was prejudicial and had no probative value. Not only was Penson not charged with being a serial arsonist, but also the State's expert witness admitted that the profile was not used during the course of the arson investigation to develop a suspect in this case.

Despite defense objections, the trial court permitted Palmer to outline the serial arsonist profile but specifically instructed the State not to apply this profile to Penson. The trial court also prohibited the State's expert from giving an opinion that Penson was a serial arsonist. Palmer testified that serial arsonists share certain common characteristics including the following: white males between 18-27, loners, educational failures, homosexuals or bisexuals, history of criminal activity, medical or mental problems, poor employment records, alcohol and drug abuse, and dysfunctional family backgrounds. According to the profile, serial arsonists are mainly walkers who set fires within two miles of their home and act on the spur of the moment, usually for revenge.

Even before the trial court admitted the expert testimony, the State had elicited through various witnesses much personal history and personality trait information including: Penson was age 26, lived alone, had a tenth grade education, was unemployed, did not own a vehicle, and walked to the scene of the Walker County Rescue Building fire which was 500 feet from his home. The jury could observe for itself that Penson is a white male.

Penson's defense was alibi. Daphne Young testified that Penson had been present at her birthday party on the night in question. Jeffrey Cameron testified that after the birthday party concluded,

Penson accompanied him and his girl friend to Cameron's residence and remained there until the fire whistle sounded. Cameron testified that after he heard the alarm, he went out on the porch and Penson came out after him. Cameron's residence is between an eighth and a quarter of a mile from the rescue building. Cameron claimed that if the front door had ever opened he would have heard it. *Held*:

1. The trial court erred in admitting the serial arsonist profile. "[U]nless a defendant has placed [his] character in issue or has raised some defense which the [profile] is relevant to rebut, the state may not introduce evidence of the [profile], nor may the state introduce character evidence showing a defendant's personality traits and personal history as its foundation for demonstrating the defendant has the characteristics of a typical [profilist]." *Sanders v. State*, 251 Ga. 70, 76 (3) (303 SE2d 13) (1983). In this case, the profile did not rebut Penson's alibi defense that he was attending a birthday party at the time the fire originated or aid the jury in determining whether Penson was at the birthday party on the night of the fire. Compare *Allison v. State*, 256 Ga. 851 (353 SE2d 805) (1987) (State's expert could testify in rebuttal if proper notice afforded defendant); *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981) (defense expert could testify on battered women syndrome because subject beyond the ken of ordinary jurors). Nor had Penson placed his character in issue.

The trial court's directive to the State that it not apply the serial arsonist profile to Penson was meaningless given the State's extensive exploration of Penson's personal history and personality traits and the State's transparent efforts to subtly correlate this information to the serial arsonist profile. Even before the State's expert testified, the prosecutor acknowledged that certain seemingly irrelevant exhibits would later become relevant in light of the profile. The admission of the serial arsonist profile was plainly error, and Penson's conviction must be reversed unless it was highly probable that the error did not contribute to the verdict. *Sanders*, 251 Ga. at 76.

We are unable to accept the State's contention that even absent the serial profile evidence it had a "strong" circumstantial evidence case. Having reviewed the transcript and considered the totality of the State's evidence, we do not find the evidence was otherwise overwhelming, and we are unable to conclude that it is highly probable that the profile evidence did not contribute to the verdict. Id. Compare *Cornelius v. State*, 213 Ga. App. 766, 772 (6) (445 SE2d 800) (1994).

2. The trial court erred in allowing the State to introduce similar transaction evidence for a separate, subsequent unsolved vacant house fire which occurred while Penson was out on bond, one week after Penson had been indicted for the rescue building fire. At the scene of the house fire, an officer deeming Penson's explanation for

his presence to be unreasonable, took Penson into custody. The vacant house fire occurred about a quarter of a mile from Penson's home. Penson told investigators that after he heard the fire whistle, he saw an orange glow in the sky, and thinking it might be his brother's house, walked to find out. His brother's house was the house next door to the one which burned. Two people thought they saw Penson lurking in the area prior to the fire, but no one was able to positively identify Penson. A witness testified that two men turned around fast and took off running after the police arrived.

Before similar transaction evidence can be introduced, the State must make three affirmative showings: 1) introduction of the evidence of the independent offense for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility; 2) sufficient evidence to establish that the accused committed the independent offense; and 3) sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Under *Williams*, subsequent similar offenses can be admitted if the requisite criteria are satisfied, and it is not necessary that such offense resulted in indictment or conviction. *Brown v. State*, 183 Ga. App. 476, 477 (1) (359 SE2d 233) (1987) (evidence of subsequent drug sale particularly useful when identity at issue).

In this case, the investigating officer admitted that the only evidence he had that Penson burned the vacant house was that he was present at the scene when it was burning. Although two people thought they had seen a man matching Penson's appearance prior to the fire, neither was able to discern the person's facial features. Both fires were set between midnight and 3:00 a.m.; neither fire was set using an accelerant; both were fairly near Penson's home; and in both cases, a person seeming to match Penson's physical appearance was noticed before the blazes. Deeming it a close call, the trial court indicated there were enough similarities to allow the jury to assess the evidence with proper instructions. We disagree. The State never even informed the trial court of the purpose for which the evidence was being offered to enable the court to make the essential preliminary determination as to whether the State had a proper purpose. See *Mells v. State*, 206 Ga. App. 163, 164 (2) (424 SE2d 844) (1992). In view of the inflammatory serial arsonist insinuations implicitly directed at Penson, the failure of the State to make the requisite satisfactory showing of all three prongs of *Williams*, supra, was particularly egregious.

3. The State witness's comment on Penson's request to speak with his attorney during questioning was improper. After police took Penson into custody, while at the police station, Investigator Hul-

lender questioned Penson about "his side of it." At trial, the prosecutor asked Hullender, "Did you ever hear Mr. Penson say anything in your presence?" Hullender responded, "Yes, sir, after I began, you know, an interview with Mr. Penson, and of course he requested an attorney and — ."

Improper comment on a defendant's silence at the time of arrest should be excluded when objected to. *Brewer v. State*, 219 Ga. App. 16, 19 (4) (463 SE2d 906) (1995). Penson objected and moved for a mistrial and later renewed the motion for mistrial at the close of the State's evidence. We are unable to conclude that the comment of Hullender, a police veteran with 19 years' experience, was inadvertent and was not an intentional comment on Penson's silence and invocation of his right of counsel. Compare *Ford v. State*, 219 Ga. App. 562, 563 (2) (466 SE2d 11) (1995).

4. In light of our holding in Division 1, we need not reach the remaining enumeration.

*Judgment reversed and case remanded. Beasley, C. J., and Blackburn, J., concur.*

DECIDED JULY 11, 1996.

*Steven M. Ellis*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Melodie S. Bedford, Assistant District Attorney*, for appellee.