### A98A0424. McGRIFF v. THE STATE.
(502 SE2d 482)

Judge Harold R. Banke.

Willie McGriff was convicted of three counts of sexual battery on his three young nieces. He enumerates two errors on appeal.

The eldest victim, aged 11, testified that when her mother was gone McGriff would "play a biting game" with her and her sisters, in which he would nip at their necks, shoulders, inner thighs and buttocks. She also testified that one night she dreamed her uncle was on top of her and the bed was going up and down and the next day she awoke with her nightclothes in disarray and soreness in her vagina. After learning of this, the victim's mother took her to the hospital. The Department of Family & Children Services was contacted and after its investigation, McGriff moved out of the house he shared with his sister and these charges were brought. *Held*:

1. McGriff argues that the trial court abused its discretion in refusing to disqualify two jurors for cause. *Raulerson v. State*, 268 Ga. 623, 629 (4) (491 SE2d 791) (1997). Neither of these jurors served on the jury.

Pretermitting whether the jurors' alleged partiality demanded their disqualification, the record shows that McGriff failed to exhaust his peremptory challenges. See OCGA § 15-12-165. In these circumstances, we must presume that he was not prejudiced by the trial court's decision. *Finney v. State*, 242 Ga. 582, 587 (7) (250 SE2d

388) (1978); see *Bradham v. State,* 243 Ga. 638, 639 (3) (256 SE2d 331) (1979).[1]

2. McGriff maintains an acknowledged expert in child sexual abuse placed his character in issue by testifying about the methods sexual offenders commonly employ. The testimony at issue involved the witness's observation that most child abuse begins with less offensive touching, such as tickling, stroking, or biting, and moves on over time to more intrusive contact. The witness, a licensed clinical community psychologist who had tested and treated sexually abused children for over ten years, testified that she obtained this information from children she treated and from surveys of incarcerated sex offenders.

Experts are individuals whose habits and professions endow them with peculiar skills in forming opinions on the subject matter in question. *Sales v. State,* 199 Ga. App. 791 (1) (406 SE2d 131) (1991). They may derive their knowledge from experience as well as formal education. Id. Here, the subject at issue was sufficiently connected to the expert's established area of expertise to preclude us from finding that the trial court abused its discretion in admitting the testimony. Compare *Prickett v. State,* 220 Ga. App. 244, 246-247 (3) (469 SE2d 371) (1996).

Further, notwithstanding McGriff's argument to the contrary, the testimony at issue did not constitute a "profile," which is disapproved when the accused has not placed his character in issue. See *Penson v. State,* 222 Ga. App. 253, 255 (1) (474 SE2d 104) (1996). Rather than detailing the personal characteristics required in a profile, such as age, education, sexual preference, and criminal record, the psychologist simply testified about abusers' most common techniques. Compare id. at 254-255. Moreover, inasmuch as McGriff was convicted of sexual battery, which only required proof of unconsented to intentional physical contact with the victims' intimate parts, and there was abundant evidence establishing those facts, the testimony at issue was cumulative. OCGA § 16-6-22.1 (b); see *Sanders v. State,* 226 Ga. App. 650, 651-652 (2) (487 SE2d 442) (1997). In any event, the evidence of sexual battery was sufficient to render harmless any error in the admission of this testimony. *Sanders v. State,* 251 Ga. 70, 76 (3) (303 SE2d 13) (1983).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

---

[1] The State's failure to fully comply with Court of Appeals Rule 27 (c) (3) (i) is not helpful. In argument, when quoting or referring to the record, our rules require specific page cites.

DECIDED MAY 14, 1998.

*Sarina J. Woods*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Peggy R. Katz*, Assistant District Attorney, for appellee.