## A01A1076. URNESS v. THE STATE.
(554 SE2d 546)

MILLER, Judge.

A jury found Rhonda Urness guilty of one count of theft by taking. She appeals her conviction and the trial court's denial of her motion for new trial. Urness claims that the trial court erred in admitting evidence of two similar transactions and that the evidence was insufficient to support the verdict. We affirm because the similar transaction evidence was admissible under *Williams v. State*[1] and because the evidence was sufficient to support her conviction under the standard of *Jackson v. Virginia*.[2]

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[3] So viewed, the evidence shows that Urness began working at Miriam's Café & Gallery in 1996 and was promoted to general manager by January 1997. Urness was responsible for closing the cash register at night and making bank deposits, and she was given authority to pay vendors with money from the cash register or with checks. While Urness was manager, the cash register seldom had cash; she explained to the owner, Miriam Tidwell, that most customers paid with credit cards. There were also an unusually high number of voided sales.

In March 1998 the local chamber of commerce hired the restaurant to deliver lunches during its membership drive. Urness failed to make the deliveries two days in a row and was fired. Tidwell did not suspect Urness of any criminal wrongdoing at that time and gave her two months severance pay.

After Urness left, Tidwell discovered that she had made unauthorized charges for personal items on the restaurant's trade account. When informed of this, Urness agreed to reimburse the money. Tidwell noticed that with Urness no longer acting as manager, the restaurant had significant cash deposits. A local merchant

---

[1] 261 Ga. 640 (409 SE2d 649) (1991).
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

informed Tidwell that Urness had exchanged meals for products from his store. Urness had no authority to make such an exchange, but had received over $550 worth of clothing for meals.

After learning about Urness's agreement to trade restaurant meals for personal clothing, Tidwell hired two bookkeepers to perform an audit for the period when Urness was the restaurant manager. The bookkeepers compared the daily balance sheets prepared by Urness to the cash register records (or "Z report"), and found over $40,000 in discrepancies during the period in which Urness was general manager.

After the bookkeepers' review, Tidwell hired a professional auditor, who audited the financial records on 11 selected days during Urness's tenure as general manager, based on the bookkeepers' report showing unusual discrepancies on those days. The audit showed a number of inconsistencies in the financial records of the café consistent with theft, including (1) sales resulting in negative cash, (2) cash designated as paid to vendors with no supporting receipts, (3) cash designated as "back to drawer," which the expert testified was not a legitimate designation, (4) discrepancies between cash deposits and receipts, (5) missing guest checks, (6) unusual gift certificate redemptions, and (7) an entry showing more cash money paid out to serving staff for tips left by customers paying with credit cards than was possible with the cash on hand. Another witness testified that he saw Urness taking small amounts of cash from the register with the explanation that she was reimbursing herself, but she did not provide a corresponding receipt.

1. Urness claims the trial court erred in admitting evidence of two similar transactions. Such evidence is admissible if (1) it is presented for an appropriate purpose, (2) there is sufficient evidence to show the accused committed the independent offense, and (3) there is a sufficient similarity between the independent offense and the crime charged so that the proof of the former tends to prove the latter.[4] A trial court's admission of similar transaction evidence will be upheld on appeal unless its ruling is clearly erroneous.[5]

Urness claims that the State did not show she committed the similar transactions by a preponderance of the evidence. We disagree. The first similar transaction occurred during Urness's employment at a Steak-N-Shake restaurant following her dismissal from Miriam's. Testimony showed that Urness was last to have possession of cash from the restaurant which was supposed to be deposited in its bank account, but was not. The second transaction occurred while

---

[4] See *Williams*, supra, 261 Ga. at 642 (2) (b).
[5] *Jones v. State*, 239 Ga. App. 733, 734 (1) (521 SE2d 883) (1999).

Urness was employed at Domino's Pizza. Testimony showed that Urness was responsible for depositing money into Domino's bank account that was never deposited.

Urness relies on *Penson v. State*[6] to argue that the State did not successfully prove the similar transactions. In *Penson* the State improperly tried to present a similar transaction in an arson prosecution based solely on the defendant's appearance at the scene of another fire without an acceptable explanation to the police.[7] This can be contrasted to the evidence presented by the State here, because testimony that Urness was in possession of her employers' cash and was responsible for depositing it at the bank, but never did, is evidence that she stole the money.[8] Thus, the trial court did not clearly err in admitting the similar transactions.

2. The jury found Urness not guilty on nine counts of forgery and one count of theft by deception and deadlocked on one forgery count. She was convicted on Count 1 of the indictment, which charged her with theft by taking over $500 in cash from the restaurant. OCGA § 16-8-2 defines theft by taking as when a person "unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."

This case involves a crime of deception and abuse of trust. The evidence presented is circumstantial by necessity. The State presented extensive evidence indicating a pattern of manipulation of financial records prepared by Urness, as well as evidence of missing cash while Urness was responsible for the register.

> The evidence was all circumstantial. If separated, and divided into segments, no one segment would be sufficient to convict. But when added together, as a whole it is sufficient to warrant a conviction, and it excludes every other reasonable hypothesis save that of guilt of the accused. In such cases it is not necessary that the circumstances remove every possibility of the defendant's innocence.[9]

We have reviewed the record and hold that, taken as a whole, the evidence is sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Urness was guilty of theft by taking.[10]

---

[6] 222 Ga. App. 253 (474 SE2d 104) (1996).

[7] Id. at 255-256 (2).

[8] See generally *Walker v. State*, 156 Ga. App. 842, 843 (1) (a) (275 SE2d 755) (1980).

[9] (Citations and punctuation omitted.) *Crumley v. State*, 185 Ga. App. 795, 797 (1) (366 SE2d 171) (1988).

[10] See *Jackson*, supra.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 28, 2001.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, Michele C. Ivey, Assistant District Attorney*, for appellee.