# S94A0571. SANDOVAL v. THE STATE.

(442 SE2d 746)

HUNSTEIN, Justice.

Jorge Luna Sandoval was convicted of the murder of Roger Dale Powell.[1] He appeals from the denial of his motion for a new trial.

1. Evidence was adduced that appellant, together with Jose Cantu and two others, went to a bar operated by the victim. After the victim ordered Cantu to leave the bar, an altercation ensued during which appellant wrestled with the victim and grabbed a gun the victim was carrying. Witnesses testified that appellant, pointing the gun at the people in the bar, left the building and got into the front passenger seat of the car driven by Cantu. The witnesses then saw appellant lean out the car window and fire a shot from the gun back inside the bar through the front door. The shot struck the victim in the chest, causing his death. Other shots were fired wildly outside before Cantu drove away. A bullet hole was found in the screen to the front door and expert testimony established that no powder burns or other indications of a closely-fired shot were present on the victim. The victim's pistol was found at the place where appellant was arrested.

We conclude that the evidence was sufficient to enable a rational trier of fact to find appellant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The transcript reveals that the prosecutor, in his initial questions to appellant regarding his age, place of birth, and work background, asked appellant about his immigration status. Defense counsel objected and, outside the presence of the jury, argued that the State was attempting to prejudice the jury against appellant and place his character into evidence inasmuch as appellant was present in the United States in violation of immigration laws. The prosecutor argued that appellant's immigration status was a circumstance of his presence in Toombs County and bore upon the reasons behind his flight after the shooting. The trial court ruled that he would allow the question, in that it went to the issue of identity, but instructed the State not to "play on a possible prejudice that [appellant] is illegally here in this country" and offered to give limiting instructions to the jury. The defense did not act on the court's offer. Upon the jury's

---

[1] The homicide occurred on November 19, 1992. Sandoval was indicted on March 24, 1993 in Toombs County. He was found guilty on August 18, 1993 and was sentenced the same day. His motion for new trial was filed on September 2, 1993, and denied on November 4, 1993. A notice of appeal was filed on November 22, 1993. The transcript was certified on December 28, 1993. The appeal was docketed in the Court of Appeals on January 3, 1994 and, upon order dated January 7, 1994 transferring the case, was docketed in this Court on January 13, 1994. This appeal was submitted for decision without oral argument on March 7, 1994.

return, the prosecutor elicited from appellant that he was an "illegal" with "no papers." No other reference was made to the matter by the State during the trial; no connection between appellant's immigration status and his flight from the bar was established.

(a) As to the prejudicial effect of the admission of this evidence, it is a well-established rule that an appeal to national or other prejudice is improper in a court of justice, and evidence as to the race, color, or nationality of a person whose act is in question is not admissible, where such evidence is introduced for such purpose and is not relevant to any issue in the action. 29 AmJur2d 498, Evidence, § 438. Accord *Ingram v. State*, 97 Ga. App. 468 (3) (b) (103 SE2d 666) (1958). See *Atlanta Coca-Cola &c. Co. v. Shipp*, 170 Ga. 817 (2) (154 SE 243) (1930). See also 70 ALR4th 664; 99 ALR2d 1249; 45 ALR2d 303. We find that this rule is equally applicable to evidence as to an individual's immigration status. Because evidence of appellant's immigration status was not relevant to the issue being tried, i.e., whether appellant shot and killed Roger Dale Powell, this evidence should not have been admitted.

(b) The transcript reveals that appellant did not place his character into evidence. Our review of the transcript fails to reveal any probative connection between the charged crime and appellant's act in entering and remaining illegally in this country so as to qualify among the "number of legitimate reasons for the introduction of prior act evidence." *Barrett v. State*, 263 Ga. 533, 534 (436 SE2d 480) (1993).[2] Evidence as to appellant's illegal immigration status should not have been admitted. OCGA § 24-9-20 (b).

(c) Notwithstanding the error in the admission of the challenged evidence, we cannot agree with appellant that reversible error was committed. The factors we have considered include the non-accusatory manner in which the prosecutor framed the question, the lack of further comment by the State on appellant's immigration status, and the overwhelming nature of the evidence of appellant's guilt adduced at trial, with all the eyewitnesses testifying that appellant fired the shot from outside the bar and the absence of any evidence to corroborate appellant's testimony that he fired the shot in self-defense during his struggle with the victim inside the bar. Even assuming, arguendo, that the erroneous admission of appellant's immigration status rose to the level of constitutional magnitude, "the record does not establish that the [prosecutor's one question] 'so tainted the entire trial that it denied [appellant] that fundamental fairness which is the essence of

---

[2] Although the State did not comply with Uniform Superior Court Rules 31.1 and 31.3 regarding the admission of appellant's illegal status in this country, this issue was not raised in the trial court and no objection was asserted. Likewise, no issue was raised below that appellant's response to the question might incriminate him. These issues are thus waived.

due process.' [Cit.]" *Baca v. Sullivan*, 821 F2d 1480, 1484 (10th Cir. 1987). We are satisfied beyond a reasonable doubt that the error was harmless.

*Judgment affirmed. All the Justices concur, except Fletcher, J., who concurs in the judgment only and Carley, J., who concurs specially.*

CARLEY, Justice, concurring specially.

The majority holds that

> evidence as to the race, color, or nationality of a person whose act is in question is not admissible, where such evidence is introduced for [the] purpose [of appealing to prejudice] and is not relevant to any issue in the action. [Cits.]

Id. at 200. I totally agree with this principle. Indeed, even evidence which does *not* appeal to prejudice is nevertheless inadmissible if it is not relevant to any issue in the action. OCGA § 24-2-1.

Where I disagree with the majority is in its equation of one's immigration status with one's race, color, or nationality. Any prejudice directed against an individual solely because of his race, color, or nationality is based upon inherent factors which are totally beyond his control. An individual's immigration status, on the other hand, is a factor which is totally within his control and is not a recognized source of inherent prejudice. One who voluntarily enters this country legally has committed no criminal act regardless of his race, color, or nationality and his legal presence in this country is not an inherently prejudicial factor. On the other hand, one who voluntarily enters this country illegally has committed a criminal act regardless of his race, color, or nationality and his illegal presence in this country is, for that reason, a prejudicial factor. Thus, the only prejudice which may attach to an individual because of his immigration status is that which is solely the consequence of his own conduct, not the result of his inherent race, color, or nationality.

Since illegal immigration status relates to the defendant's own personal character, the admission of evidence regarding that status is controlled by OCGA § 24-2-2, not by cases which discuss inherent prejudice based upon race, color, or nationality. That statute provides:

> The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct.

As does the majority, I find no relevancy between appellant's illegal immigration status and the murder for which he was being tried and agree that this character evidence was erroneously admitted. However, I likewise agree with the majority that, under the circumstances, the erroneous admission of this character evidence was harmless.

DECIDED MAY 16, 1994.

*J. Philip Carr*, for appellant.
*Richard A. Malone, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Assistant Attorney General*, for appellee.