## S01A0348. PACE v. THE STATE.
### (548 SE2d 307)

SEARS, Justice.

The appellant, Vance Pace, appeals from his conviction of the malice murder of Arnold Harris and of the aggravated assault of Marva Ammons.[1] On appeal, Pace contends, among other things, that the trial court erred in charging the jury on intent and malice. Because we conclude that the trial court gave an unconstitutional charge on intent and malice, and because we conclude that the charge was not harmless under the circumstances of this case, we reverse Pace's conviction for murder.

1. The evidence would have authorized a rational trier of fact to conclude that Harris sold Pace fake cocaine on the day of the crimes; that Pace later purchased cocaine from Ammons on two occasions, each time going to Ammons's residence to use the cocaine; that on the second occasion that Pace was at Ammons's residence, Pace saw Harris, who is Ammons's brother; and that Pace shot Harris twice and Ammons once to retaliate against Harris for the fake cocaine that Harris had sold to him. Moreover, the jury would have been authorized to reject Pace's testimony that he acted in self-defense in shooting Harris and Ammons. Under these circumstances, the evidence is sufficient to support the convictions.[2]

---

[1] The crimes occurred on August 22, 1996. Pace was indicted on December 6, 1996, and, following a jury trial, he was found guilty of malice murder, felony murder, and aggravated assault on May 6, 1998. On May 7, 1998, the trial court sentenced Pace to life in prison for the malice murder conviction and to five concurrent years in prison for the aggravated assault conviction. The felony murder verdict was vacated by operation of law. OCGA § 16-1-7; *Malcolm v. State,* 263 Ga. 369, 373 (5) (434 SE2d 479) (1993). On May 27, 1998, Pace filed a motion for new trial. The court reporter certified the trial transcript on June 29 and 30, 1998. Pace filed an amended motion for new trial on June 27, 2000, and on June 28, 2000, the trial court denied Pace's motion for new trial, as amended. On July 11, 2000, Pace filed a notice of appeal, and the appeal was docketed in this Court on November 20, 2000. The case was submitted for decision on briefs on January 15, 2001.

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Pace contends that the trial court erred in charging the jury on intent and malice. In this regard, we agree with Pace that, in charging on malice murder, the trial court impermissibly shifted the burden of proof to Pace on the essential elements of intent and malice, thus violating the dictates of *Sandstrom v. Montana*[3] and *Francis v. Franklin*.[4] Moreover, because Pace's claim of self-defense put the element of malice at issue at trial,[5] and because the evidence regarding malice, while strong, was not overwhelming,[6] we must conclude that the erroneous charge on malice was not harmless.[7] Stated differently, this is not one of those "rare situations in which the reviewing court can be confident that a *Sandstrom* error did not play any role in the jury's verdict."[8] Accordingly, the erroneous charge on malice requires that we reverse Pace's conviction of malice murder.[9]

3. Contrary to Pace's contention, we conclude that the trial court's recharge on aggravated assault was sufficient to correct any possible error under *Harwell v. State*[10] that occurred in the court's initial charge to the jury on that crime.[11] Moreover, because the erroneous instructions on intent and malice were given specifically on the charge of malice murder, we find no merit to Pace's contention that those instructions require the reversal of his conviction for the

---

[3] 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979).

[4] 471 U. S. 307 (105 SC 1965, 85 LE2d 344) (1985). The charge on malice murder provided, in relevant part, as follows:

> If a deadly weapon is used in the commission of a homicide, and it appears that the weapon was used in the manner in which such weapons are ordinarily used, to kill, then the law would presume an intention to kill, and under the rules stated, malice would be implied. In a trial for murder it is not necessary for the state to prove a motive. The law presumes every killing to be malicious until the contrary appears from circumstances of alleviation, excuse, or justification. If it is shown that shortly after the mortal wound was inflicted that accused made declarations and did acts evidencing malice toward the injured person, or in deference to his fate, malice is presumed. To kill by using a deadly weapon in a manner likely to produce death will raise a presumption of intention to kill and this presumption is rebuttable.

[5] "Malice means the intent to take a life without legal justification or mitigation." *Tessmer v. State*, 273 Ga. 220, 222 (539 SE2d 816) (2000).

[6] See *Bridges v. State*, 268 Ga. 700, 706 (492 SE2d 877) (1997), stating that whether an unconstitutional *Sandstrom* error is harmless depends (1) upon whether the charge applied to an element of the crime that was contested at trial, and (2) upon whether the evidence of guilt was overwhelming.

[7] See *Bridges*, 268 Ga. at 706-707.

[8] *Connecticut v. Johnson*, 460 U. S. 73, 87 (103 SC 969, 74 LE2d 823) (1983).

[9] Because we conclude that the erroneous instruction on malice was not harmless, we do not need to decide whether the unconstitutional charge on intent was harmless. As for this issue, compare *White v. State*, 255 Ga. 731, 733 (342 SE2d 304) (1986), with *Lancaster v. Newsome*, 880 F2d 362, 367 (11th Cir. 1989). Similarly, although the charge that malice and intent are presumed from the use of a deadly weapon is also non-constitutional error, *Harris v. State*, 273 Ga. 608 (543 SE2d 716) (2001), we do not address whether the non-constitutional error requires the reversal of Pace's murder conviction.

[10] 270 Ga. 765, 766 (512 SE2d 892) (1999).

[11] See *Foote v. State*, 265 Ga. 58, 60 (455 SE2d 579) (1995).

aggravated assault of Marva Ammons.

4. We conclude that Pace's contention that the trial court erred in ruling on his *Batson*[12] claim is without merit.

5. Finally, because we reverse Pace's malice murder conviction based on an erroneous jury charge, the State would be authorized to retry Pace on that charge.[13] Alternatively, because the erroneous instructions on malice and intent were limited to the charge on malice murder, it would be appropriate for the State to forego a reprosecution on the malice murder charge and for the trial court to enter a judgment of conviction and sentence on the jury's verdict of felony murder.[14] If the latter alternative is pursued, and the trial court sentences Pace for the felony murder conviction, Pace shall have the right to appeal from that conviction and sentence.[15]

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 11, 2001 —
RECONSIDERATION DENIED JULY 16, 2001.

*Elizabeth P. Archer, Steven E. Phillips*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anne E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.

---

[12] See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

[13] See *Perkinson v. State*, 273 Ga. 491, 495, n. 2 (542 SE2d 92) (2001).

[14] See *Hyman v. State*, 272 Ga. 492, 496 (531 SE2d 708) (2000); *Brewer v. State*, 271 Ga. 605, 606, 608 (523 SE2d 18) (1999).

[15] *Brewer*, 271 Ga. at 608.