## S02A0831. BOYD v. THE STATE.
(564 SE2d 185)

HUNSTEIN, Justice.

Walter Boyd was convicted of malice murder, two counts of felony murder, four counts of aggravated assault, four counts of false imprisonment, and possession of a firearm during the commission of a crime. He appeals from the denial of his motion for new trial.[1]

1. The evidence adduced at trial authorized the jury to find that around 11:00 p.m. on December 31, 1997 appellant and Cedric Love engaged in an altercation wherein appellant received an injury to his hand from Love. During the argument appellant told Love that he was going to "kill him." Five hours later, appellant entered Love's apartment carrying an assault rifle and told the four people playing cards in the front room to "get on the ground. Fixing to do this real quick and easy." Love emerged from the back bedroom carrying a .38 handgun and fired a shot toward appellant. Appellant fired at least three shots at Love as Love was fleeing to the bedroom. Witnesses saw Love fall and attempt to pull himself into the bedroom. One witness inside the apartment then overheard appellant say to a companion "I got that p— n—. I got him buddy. Let's go." Love died of a gun shot that entered his chest and traveled through his lung and spine, breaking the spinal column in two.

We find this evidence sufficient to enable a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court erred by admitting evidence of a similar transaction, claiming that the past act was not proved by the State to be similar to the crime charged. Dwayne Richardson testified that ten months prior to Love's murder, appellant shot at him with an assault rifle at the same apartment complex where Love's murder occurred after appellant had a dispute with Richardson and his wife. Appellant's contention that this prior act of violence was not probative of a pattern of behavior and the details of the prior act were not sufficiently similar to be probative is unper-

---

[1] The homicide occurred on January 1, 1998. Boyd was indicted in Fulton County on August 21, 1998 on charges of murder, felony murder, aggravated assault, false imprisonment and possession of a firearm during the commission of a crime. His motion for directed verdict as to one count of false imprisonment was granted by the trial court and on July 16, 1999 he was found guilty of the remaining charges, except one count of aggravated assault. He was sentenced to life imprisonment for the murder, 20-year concurrent sentences for each count of aggravated assault, ten-year concurrent sentences for each false imprisonment count, and a consecutive five-years for possession of a firearm. His motion for new trial filed on July 20, 1999 was denied September 21, 2001. A notice of appeal was filed October 5, 2001. The appeal was docketed in this Court on February 19, 2002 and was submitted for decision without oral argument.

suasive, as the evidence was probative of appellant's course of conduct and bent of mind in resolving disputes. We find no error in the admission of this evidence under the standard set forth in *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991). See also *Willingham v. State*, 268 Ga. 64 (3) (485 SE2d 735) (1997).

3. Appellant contends the trial court committed reversible error by denying his motion for a mistrial after the prosecutor allegedly implied that appellant was involved in drugs. Appellant failed to object and seek a mistrial at the time the alleged improper argument occurred. Rather, the motion for mistrial based upon improper argument was made at the conclusion of the trial, after argument and jury charges had concluded and the jury had retired. Accordingly, the motion was not timely. *Mullins v. Thompson*, 274 Ga. 366 (2) (553 SE2d 154) (2001); *Butler v. State*, 273 Ga. 380, 384 (8) (541 SE2d 653) (2001).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 28, 2002.

*Elaine T. McGruder*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Wylencia H. Monroe, Assistant Attorney General,* for appellee.