### S02A1115. WALLACE v. THE STATE.
(572 SE2d 579)

FLETCHER, Chief Justice.

A jury convicted Jermeal Wallace of malice murder and possession of a firearm in the shooting death of Shaun Gunn.[1] Wallace appeals, contending that the trial court erred in charging the jury that the law presumes intent to kill from the use of a deadly weapon and presumes malice from the fact of a killing using a deadly weapon. These charges were clearly improper, and because we cannot say they were harmless beyond a reasonable doubt, we reverse the malice murder conviction. The erroneous charge, however, did not affect the felony murder conviction, and we remand for sentencing on that charge.

1. The evidence at trial, construed in the light most favorable to the guilty verdicts, showed that Wallace, his co-defendant Quincy Thomas,[2] and Thomas's brother drove to the Thomasville Heights apartments where they encountered the victim and two of his friends. Wallace stepped out of the car holding a gun, yelled that he was robbing the victims, and started firing when the victims tried to run away. Gunn was shot and died later that day. After the shooting, Wallace got back in the car and Thomas drove off. A police car began pursuit immediately and Wallace and Thomas were apprehended when their car crashed.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact

---

[1] The crimes occurred December 11, 1996. Wallace was indicted on August 29, 1997 and tried before a jury beginning May 17, 1999. On May 21, 1999, the jury found Wallace guilty on six counts: malice murder, felony murder with underlying felony of aggravated assault, aggravated assault, possession of a firearm during the commission of a crime, felony murder with underlying felony of possession of a firearm by a convicted felon, and possession of a firearm by a convicted felon. The court sentenced Wallace to life imprisonment for malice murder and five years imprisonment for each possession charge, with all sentences to run consecutively. The trial court also sentenced on the felony murder/possession of a firearm by a convicted felon charge; however, the felony murder conviction was vacated by operation of law, see *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). Wallace filed a motion for new trial on May 28, 1999, which was denied on October 22, 2001. Wallace filed his notice of appeal on November 20, 2001; it was docketed in this Court on April 10, 2002, and submitted for decision without oral argument on June 3, 2002.

[2] The Court recently affirmed Quincy Thomas's conviction for murder. See *Thomas v. State*, 275 Ga. 882 (572 SE2d 537) (2002).

could have found Wallace guilty of the crimes charged.[3]

2. The trial court twice instructed the jury that the law presumes the intent to kill from the use of a deadly weapon and malice from the fact of a killing with a deadly weapon. In charging on intent, the trial court instructed the jury that:

> The law presumes that a person intends to accomplish the natural and probable consequences of his acts and if a person uses a deadly weapon or instrumentality in the manner in which such weapon or instrument is ordinarily employed to produce death and cause [sic] the death of a human being, the law presumes intent to kill. The presumption may be rebutted and it — if the State proves the defendant killed the person named in the bill of indictment in this county, by the use of a deadly weapon in the manner likely to produce death, then the killing is presumed to be intentional and malicious unless, as stated, circumstances of alleviation, excuse, or justification appear to your satisfaction from the evidence.

In charging on malice murder, the trial court charged,

> The law presumes every killing to be malicious until the contrary appears from circumstances of alleviation, excuse, or justification. . . . If a person uses a deadly weapon or instrumentality in the manner in which such weapon or instrument is ordinarily employed to produce death and causes the death of a human being, the law presumes intent to kill. The presumption may be rebutted.

As the State appropriately concedes, and as we previously concluded in *Bridges v. State*,[4] these types of charges are erroneous under *Sandstrom v. Montana*[5] and its progeny because they impermissibly shift the burden from the State to the defendant. A *Sandstrom* error may be harmless in certain rare situations if the instruction applied to an element of the crime that was not at issue in the trial and if the evidence of guilt is overwhelming.[6]

The State's eyewitnesses testified consistently that Wallace jumped out of the car and began shooting without provocation. Wallace, on the other hand, testified that he did not have a weapon, the

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] 268 Ga. 700, 706 (492 SE2d 877) (1997).

[5] 442 U. S. 510, 513 (99 SC 2450, 61 LE2d 39) (1979); see also *Francis v. Franklin*, 471 U. S. 307 (105 SC 1965, 85 LE2d 344) (1985).

[6] *Pace v. State*, 274 Ga. 69, 70 (548 SE2d 307) (2001); *Bridges*, 268 Ga. at 706.

victims were selling drugs, there was a dispute between one of the victims and Thomas's brother over drugs, one of the victims shot at the car, and Thomas responded with gunfire. Thomas testified that there was an argument about the drugs he was purchasing from one of the victims, one of the victims appeared to be reaching for a gun, and Wallace jumped out of the car and began shooting.

Thus, collectively, the defendants admitted being present and responsible for the death of the victim; however, they presented evidence that the shooting was justified and that there was no malice towards the victim. With these facts before the jury, a primary issue for their determination was the intent of the person shooting and the presence of malice. Because the unconstitutional charges did apply directly to an issue at trial, we must reverse Wallace's conviction for malice murder.[7]

Because we are reversing the malice murder conviction, Wallace's felony murder conviction no longer stands vacated as a matter of law.[8] The State may now choose to retry Wallace on malice murder, or it may choose to have Wallace sentenced on the felony murder conviction.[9] Therefore, we remand to the trial court for retrial or re-sentencing.

3. Wallace also contends that the trial court erred in refusing to excuse for cause two jurors who allegedly had preconceived opinions about guns and drug activity. The State contends that Wallace has not demonstrated harm because the record does not show that he exhausted his peremptory strikes. For many years this Court held that it would not reverse a conviction where a trial court erroneously disallowed a challenge for cause unless the defendant could show that he was compelled to exhaust his peremptory challenges for the purpose of excusing the juror.[10] However, in 1986, in *Harris v. State*, this Court abandoned that rule and held that "[t]he defendant's use of his peremptory strikes will . . . no longer play a role in our evaluation of the harm caused by the refusal to strike an unqualified juror."[11] Therefore, we must examine the record to determine whether the trial court erred in refusing to strike the jurors for cause.

---

[7] *Pace*, 274 Ga. at 70.

[8] The trial court's attempt to sentence Wallace on both malice and felony murder was invalid. See *Malcolm v. State*, 263 Ga. at 371-372.

[9] See *Pace*, 274 Ga. at 71.

[10] See, e.g., *Foster v. State*, 240 Ga. 858, 859 (242 SE2d 600) (1978); *Kemp v. State*, 226 Ga. 506, 507 (175 SE2d 869) (1970); *Ethridge v. State*, 163 Ga. 186, 191 (136 SE 72) (1926).

[11] 255 Ga. 464, 465 (339 SE2d 712) (1986). The court of appeals's continued reliance on the old rule is erroneous and we overrule all cases that have relied upon the old rule, including *Upshaw v. State*, 249 Ga. App. 741, 744 (549 SE2d 526) (2001); *McKenye v. State*, 247 Ga. App. 536 (544 SE2d 490) (2001); *McGriff v. State*, 232 Ga. App. 546 (502 SE2d 482) (1998).

The record shows that both jurors expressed only general opinions about drugs and guns. Neither juror had a personal connection to anyone involved in the case; nor did the jurors express fixed beliefs about the guilt or innocence of Wallace. Therefore, the trial court did not abuse its discretion in refusing to strike the jurors for cause.

*Judgment affirmed in part, reversed in part and case remanded. All the Justices concur.*

DECIDED NOVEMBER 12, 2002 —
RECONSIDERATION DENIED DECEMBER 13, 2002.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jill M. Zubler, Assistant Attorney General*, for appellee.