## S02A1673. STOCKFORD v. THE STATE.
### (575 SE2d 889)

FLETCHER, Chief Justice.

A jury convicted Larry Edward Stockford of murder and other crimes in connection with the shooting death of his roommate Scott Curtis Chestnut.[1] Stockford contends that he is entitled to a new trial based on the trial court's error in instructing the jury that the law infers the intent to kill from the use of a deadly weapon. Although the giving of the charge was improper under *Harris v. State*,[2] we hold that the error was harmless because the evidence of malice was overwhelming. Therefore, we affirm Stockford's convictions.

1. The evidence presented at trial shows that four Midtown Atlanta residents heard two gunshots fired outside their homes one night. One witness looked out her window and saw a man running down the street yelling, "He's got a gun." Another witness looked out his front door and saw a man with a gun run up onto the porch, grab

---

[1] The shooting occurred on December 16, 1996, and Stockford was indicted on August 29, 1997. A jury found him guilty and the trial court sentenced him on July 10, 1998. Stockford filed a motion for new trial on August 5, 1998, which was denied on April 3, 2002. Stockford filed a notice of appeal on April 10, 2002; the record was filed in the clerk's office on July 18, 2002; and the case was orally argued on October 22, 2002.

[2] 273 Ga. 608 (543 SE2d 716) (2001).

another man by the collar, and shoot three more times. Two residents who lived across the street saw the shooter standing over the victim, who was lying halfway up the porch steps, and fire the gun three times. When a resident drove up and confronted the shooter, he jumped over the porch banister and ran down the street. Within minutes, a police officer stopped Stockford, but he took off running again. Stockford was finally captured when he tripped and fell on a sidewalk; police recovered the .38 caliber revolver used in the shooting from Stockford's front breast pocket. The medical examiner testified that Chestnut died from gunshot wounds to his chest, back, and leg.

Testifying at trial, Stockford admitted that he shot Chestnut while trying to take his own life. Stockford said he had taken the gun from his employer's apartment on the previous day, followed his roommate to a doctor's appointment that evening, and put the gun to his head during an argument over their relationship. Stockford said the gun fired as Chestnut knocked it away and they struggled over it on the sidewalk and up the porch steps. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Stockford guilty beyond a reasonable doubt of the crimes for which he was convicted.[3]

2. In *Harris v. State*, this Court held that it was error as a matter of state law for trial courts to charge jurors in murder cases that they could infer the intent to kill from the defendant's use of a deadly weapon. We reversed the conviction for malice murder in *Harris* because the evidence of malice was so weak that we could not conclude that it was highly probable that the improper charge did not contribute to the jury's verdict. When, however, the evidence of malice is overwhelming, we have concluded that the giving of the *Harris* charge is harmless error.[4]

In this case, the evidence of malice was overwhelming. Stockford stole the murder weapon, borrowed a car, and took the gun with him when he followed Chestnut to his doctor's appointment. Even if Stockford accidentally shot the victim two times during a struggle for the gun, as he testified, the other witnesses heard a pause after the initial shots and the victim screaming for help and then saw the shooter fire three more times while standing over the victim. Given this evidence of intent, we conclude that it is highly probable that the trial court's error in giving the improper charge did not contribute to the jury's verdict of guilty.

3. Stockford also challenges the trial court's failure to merge his

---

[3] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] See *Rouse v. State*, 275 Ga. 605 (571 SE2d 353) (2002); *Scott v. State*, 275 Ga. 305, 308 (565 SE2d 810) (2002); *Harris v. State*, 274 Ga. 422, 426-427 (554 SE2d 458) (2001).

conviction for aggravated assault into the conviction for malice murder.[5] Unlike the cases involving merger based on a rapid succession of shots, the evidence in this case showed two distinct sets of shots separated by the victim's attempt to run away.[6] Because the State used different evidence to prove the two crimes and showed that Stockford completed the aggravated assault before firing the three shots that caused Chestnut's death, we conclude that the trial court had authority to enter a separate judgment of conviction and sentence for the aggravated assault.

4. Stockford's remaining contentions have no merit. He waived any objections to the jurors' oaths by failing to object at trial.[7] On his claim of ineffective assistance of counsel, Stockford cannot show that he has been prejudiced by the trial court's failure to give the statutory oaths to jurors or trial counsel's failure to seek merger of the aggravated assault conviction.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 27, 2003 —
RECONSIDERATION DENIED FEBRUARY 24, 2003.

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.

---

[5] See *Curtis v. State*, 275 Ga. 576, 578 (571 SE2d 376) (2002) (issue of merger of included offenses not waived by the defendant's failure to object at trial).

[6] See *Lowe v. State*, 267 Ga. 410, 413 (478 SE2d 762) (1996); see also *Brown v. State*, 246 Ga. App. 60 (539 SE2d 545) (2000) (discussing cases addressing whether the firing of multiple gunshots may serve as the basis for separate charges).

[7] See *Phillips v. State*, 275 Ga. 595 (571 SE2d 361) (2002).