## S04A0970. ZELLARS v. THE STATE.
(604 SE2d 147)

SEARS, Presiding Justice.

The appellant, Rowland Zellars, appeals from his conviction for the malice murder of John Jefferson.[1] Zellars raises numerous issues,

---

[1] The crimes occurred on July 30, 1994, and Zellars was indicted on May 26, 2000. The indictment charged Zellars in Count 1 with the malice murder of Jefferson; in Count 2 with the felony murder of Jefferson, with the aggravated assault of Jefferson as the underlying felony;

including that the trial court violated the continuing witness rule by permitting a photographic lineup and admonition sheet to go to the jury room; that the trial court erred in permitting the trial to proceed on an indictment that contained several counts that were barred by the statute of limitations; and that the trial court erred in ruling against his claim that he received ineffective assistance of trial counsel. Finding no merit to Zellars's contentions, we affirm his conviction.

1. At trial, the State presented evidence that on July 30, 1994, Zellars was talking and drinking beer with several of his neighbors — John Jefferson, Letitia Key (Jefferson's wife), and Harold Neal. Neal testified that he, Zellars, Jefferson, and Key were all friends; that he (Neal) rented a room to Zellars; and that he and Zellars visited socially on numerous occasions. According to Neal and Key, Zellars got into an argument with Jefferson and Key, and the dispute culminated when Zellars pulled a gun and shot Jefferson and Key. Jefferson died as a result of his wounds, but Key did not. After the incident, Zellars never returned to the residence in which he had been living, and never returned to a job that he had held for almost a year. In 2000, Zellars surrendered to the police.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that it was sufficient for a rational trier of fact to have found Zellars guilty of malice murder beyond a reasonable doubt.[2]

2. Zellars contends that the trial court erred by permitting two signed statements on the back of the photographic lineup and admonition sheet to go to the jury room. On the admonition sheet on the back of the photo array were statements by Key and Neal that "No. 5"

---

in Count 3 with the felony murder of Jefferson, with the possession of a firearm by a convicted felon as the underlying felony; in Count 4 with the aggravated assault of Jefferson; in Count 5 with the possession of a firearm by a convicted felon; in Count 6 with the aggravated assault of Letitia Key; in Count 7 with burglary; and in Count 8 with the possession of a firearm during the commission of certain crimes. Before trial, the State notified Zellars of its intent to seek recidivist punishment. On May 24, 2001, a jury found Zellars guilty on all counts. The trial court sentenced Zellars to life in prison without parole for the malice murder conviction; merged the convictions on Counts 2-5 with the conviction for malice murder; sentenced Zellars to 20 concurrent years in prison for the burglary conviction and the aggravated assault conviction against Key; and sentenced Zellars to five years in prison for Count 8. On May 31, 2002, Zellars filed a motion for new trial. On April 25, 2002, the court reporter certified the trial transcript, and on September 2, 2003, Zellars filed an amended motion for new trial. On September 11, 2003, the trial court dismissed Counts 4-8 of the indictment on the ground that the statute of limitations had expired, sentenced Zellars to life in prison for malice murder, merged the convictions on Counts 2 and 3 with the conviction for malice murder, and denied the motion for new trial. On September 29, 2003, Zellars filed a notice of appeal, and the appeal was docketed in this Court on February 19, 2004. The case was submitted for decision on briefs on May 4, 2004.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

was the one who shot Jefferson and Key. Zellars contends that permitting these statements to go to the jury room violated the continuing witness rule. However, because Zellars's trial counsel did not object to this procedure at trial, Zellars is procedurally barred from raising the issue on appeal.[3]

3. Zellars also contends that the trial court erred in permitting the trial to proceed on an indictment that contained counts barred by the statute of limitations. Again, however, Zellars did not object to the time-barred counts at trial, and is therefore procedurally barred from raising this issue on appeal.[4]

4. Zellars contends that the trial court erred by admitting evidence of his 1982 conviction for aggravated assault as a prior similar transaction. We disagree. The evidence of the prior crime showed that, on a prior occasion when Zellars was socializing with several unarmed people, Zellars resolved an argument that arose by pulling a gun and shooting two of them. We conclude that evidence of the prior crime was "probative of appellant's course of conduct and bent of mind in resolving disputes."[5] Moreover, although the prior crime occurred about twelve years before the present crime, the lapse of time is mitigated by the fact that Zellars spent seven of those years in jail.[6] For these reasons, we conclude that the trial court did not err in admitting evidence of the similar transaction.

5. Zellars contends that, because the trial court admitted the similar transaction evidence for the purpose of showing bent of mind and course of conduct, the trial court erred in its limiting instructions by informing the jury that it could consider the evidence for several additional purposes. However, as Zellars did not request an instruction limiting the jury's consideration of the evidence, the "trial court did not err in failing to limit the jury's consideration any more than it did."[7]

6. Zellars next contends that he received ineffective assistance of trial counsel. For the reasons that follow, we find no merit to this contention.

To prevail on his ineffectiveness claims, Zellars has the burden to demonstrate that trial counsel provided deficient performance and

---

[3] *Tuff v. State*, 278 Ga. 91, 93, n. 11 (597 SE2d 328) (2004); *Mason v. State*, 274 Ga. 79, 81 (548 SE2d 298) (2001).

[4] *Tuff*, 278 Ga. at 93, n. 11; *Mason*, 274 Ga. at 81; *Smith v. State*, 277 Ga. 213, 214-215 (586 SE2d 639) (2003).

[5] *Boyd v. State*, 275 Ga. 237, 238 (564 SE2d 185) (2002). Accord *Cochran v. State*, 276 Ga. 283, 286 (576 SE2d 867) (2003).

[6] *Mullins v. State*, 269 Ga. 157, 158 (496 SE2d 252) (1998).

[7] *Murphy v. State*, 270 Ga. 72, 75 (508 SE2d 399) (1998).

that that performance prejudiced his defense.[8] As for the prejudice prong, Zellars must show that, but for counsel's errors, there is a reasonable probability that the outcome of the trial would have been different.[9]

(a) Zellars first contends that trial counsel was ineffective for failing to make a continuing witness objection to the photographic lineup and admonition sheet that went into the jury room. As for this contention, we conclude that, even if trial counsel provided deficient performance by failing to object to the photographic array going into the jury room, Zellars has failed to carry his burden to demonstrate prejudice. Because the witnesses who identified Zellars at the photographic array were friends of Zellars and had known him for some time and because they testified at trial and identified Zellars as the perpetrator of the crimes, we cannot conclude that it is reasonably probable that the outcome of the trial would have been different if trial counsel had made a continuing witness objection and the trial court had prohibited the array from going out with the jury.

(b) As noted in footnote one of this opinion, there were five counts of the indictment (Counts 4-8) on which the statute of limitations had run. The other three counts (Counts 1-3) charged Zellars with malice murder and two counts of felony murder, and there is no statute of limitations for murder.[10] Although Zellars was convicted of all eight counts of the indictment, in ruling on the motion for new trial, the trial court dismissed the five counts on which the statute of limitations had expired. Zellars now contends that trial counsel was ineffective for failing to contend before trial that Counts 4 to 8 of the indictment were barred by the statute of limitations.

Assuming that counsel provided deficient performance, we conclude that the prejudice prong of Zellars's ineffectiveness claim has not been satisfied. In this regard, although the statute of limitations had run on the aggravated assault against Jefferson (Count 4 of the indictment) and on the possession of a firearm by a convicted felon (Count 5), those two crimes served as the underlying felonies on the two felony murder counts of the indictment. In this regard, the rule is that even if the statute of limitations has run on a crime, the crime nevertheless may serve as the underlying felony for felony murder.[11] Thus, in the present case, even if trial counsel had moved before trial to dismiss the charge of aggravated assault against Jefferson and the charge of the possession of a firearm by a convicted felon, the State

---

[8] *Williams v. State*, 277 Ga. 853, 857 (596 SE2d 597) (2004).

[9] *Benham v. State*, 277 Ga. 516, 518 (591 SE2d 824) (2004).

[10] OCGA § 17-3-1 (a).

[11] *State v. Jones*, 274 Ga. 287, 287-288 (553 SE2d 612) (2001).

was permitted to use those offenses to serve as the underlying felonies for the felony murder counts of Zellars's indictment (Counts 2 and 3). Moreover, evidence regarding the aggravated assault against Key (Count 6), the burglary (Count 7), and the possession of a firearm during the commission of certain crimes (Count 8) would have been admissible at a trial on the first three counts of the indictment.[12] Because the evidence necessary to prove Counts 4 to 8 of the indictment would have been admissible at a trial on Counts 1-3 of the indictment, and because the evidence of Zellars's guilt of malice murder is overwhelming, we conclude that Zellars has failed to show that, but for counsel's alleged error in failing to raise the statute of limitations issue, it is reasonably probable that the outcome of the trial would have been different.

(c) Having examined Zellars's two other allegations of ineffectiveness, we conclude that he has failed to demonstrate either that trial counsel's performance was deficient or that the alleged deficient performance prejudiced the defense.[13]

7. Zellars next contends that the trial court erred in charging the jury that the level of certainty demonstrated by an eyewitness in his or her identification of a defendant is a factor the jury may consider in evaluating the eyewitness's reliability. However, because Zellars requested the charge in question, he is procedurally barred from challenging the use of the instruction on appeal.[14] Moreover, even assuming that the charge was error, we conclude that it was harmless, as the evidence of Zellars's guilt is overwhelming and as the two eyewitnesses in this case were friends with Zellars, had known him for an extended period of time, and were socializing with him around a kitchen table on the day of the crimes.[15]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 12, 2004.

*John W. Kraus*, for appellant.

---

[12] See *Corza v. State*, 273 Ga. 164, 166 (539 SE2d 149) (2000) ("The State is entitled to present evidence of the entire res gestae of a crime . . . even if the defendant's character is incidentally placed in issue."); Milich, Georgia Rules of Evidence, § 11.3 (2nd ed. 2002).

[13] The other two allegations of ineffectiveness were that counsel was ineffective for failing to file a motion to dismiss based on a violation of his constitutional right to a speedy trial and for failing to object to the trial court's limiting instruction or the prosecutor's argument on the similar transaction evidence.

[14] *DeLoach v. State*, 272 Ga. 890, 891-892 (536 SE2d 153) (2000).

[15] See *Jones v. State*, 273 Ga. 213, 218-219 (539 SE2d 143) (2000). We also note that, although this Court has not addressed the propriety of the charge in question, the Court of Appeals has recently approved the use of the charge. *Armstead v. State*, 255 Ga. App. 385, 386-388 (565 SE2d 579) (2002); *Darnell v. State*, 257 Ga. App. 555, 558 (571 SE2d 547) (2002).

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General,* for appellee.