## S04A1704. McMILLER v. THE STATE.
### (606 SE2d 247)

SEARS, Presiding Justice.

The appellant, Daniel McMiller, appeals from his conviction for the malice murder of the 18-month-old child of his girlfriend.[1] On appeal, McMiller contends only that the trial court erred in its charge on involuntary manslaughter. We conclude that this contention is without merit, and therefore affirm McMiller's conviction.

1. The evidence showed that on December 5, 1999, McMiller was supervising the 18-month-old victim, Deandre Lee, while Lee's mother went to the grocery store. McMiller and Lee were outside of a family member's home when, according to a witness, Lee bit McMiller after McMiller tried to remove a sandwich from Lee's mouth. After this incident, McMiller took Lee into a bathroom inside the house. The witness testified that Lee was fine before McMiller took him into the bathroom; that Lee was not choking; and that Lee walked with McMiller to the bathroom. Several witnesses testified that after being in the bathroom with Lee for approximately ten minutes, McMiller came out of the bathroom holding Lee and asked them to call 911. A fireman who was the first to arrive at the scene after the 911 call testified that, when he arrived at the house, Lee had no vital signs, but did not have anything blocking his airway. A paramedic who arrived shortly after the fireman testified that Lee had large, unusual bruises on his abdomen, chest, and back; that there were also some bruises on Lee's arms and legs; and that a portion of Lee's intestines had been squeezed out of his rectum. The paramedic also testified that Lee was not breathing and that his heart was not beating. The paramedic transported Lee to a hospital where he was pronounced dead. An autopsy was performed on Lee, and the doctor concluded that his death was caused by severe internal injuries that could only be caused by significant blunt force.

McMiller testified that he took Lee into the restroom to clean him up after Lee began to choke on a sandwich, and that he tried to stop Lee from choking by putting him over the toilet and hitting him on the back. McMiller added that Lee did not get better, seemed not to be breathing, and began to turn red in the face. According to McMiller,

---

[1] The crime occurred on December 5, 1999, and McMiller was indicted on June 13, 2000. Following a jury trial, McMiller was found guilty on April 3, 2001, of malice murder and felony murder. The felony murder conviction was vacated as a matter of law, and the trial court sentenced McMiller to life in prison for the malice murder conviction. McMiller filed a motion for new trial on April 11, 2001, and an amended motion for new trial on June 26, 2003. The court reporter certified the trial transcript on January 23, 2002, and the trial court denied McMiller's motion for trial, as amended, on October 3, 2003. McMiller filed a notice of appeal on October 6, 2003, and the appeal was docketed in this Court on June 22, 2004. The appeal was submitted for decision on briefs on August 16, 2004.

he then sought assistance from other people in the house, and told them to call an ambulance.

McMiller was indicted for malice murder, felony murder, and cruelty to children. At McMiller's request, the trial judge charged the jury on the lesser included offenses of involuntary manslaughter and reckless conduct. The jury found McMiller guilty of malice murder and felony murder. The trial court merged the felony murder conviction into the malice murder conviction, and sentenced McMiller to life in prison.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found McMiller guilty of malice murder beyond a reasonable doubt.[2]

2. McMiller contends that the trial court erred in its charge on involuntary manslaughter and reckless conduct. However, because the trial court charged on those offenses in the specific language requested by McMiller, he is procedurally barred from raising this issue on appeal.[3]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 2004.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, William D. Kelly, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Zellars v. State*, 278 Ga. 481 (604 SE2d 147) (2004); *DeLoach v. State*, 272 Ga. 890, 891-892 (536 SE2d 153) (2000).