## S07A1561. WARREN v. THE STATE.
### (656 SE2d 803)

HUNSTEIN, Presiding Justice.

Byron Warren was sentenced to life imprisonment and a term of years for malice murder and armed robbery arising out of the shooting death of Gabriel Rodriguez. He appeals the denial of his motion for new trial,[1] challenging the admission of hearsay evidence, the propriety of certain jury instructions and the trial court's finding that his trial counsel was not ineffective. For the reasons that follow, we affirm in part and reverse in part.

1. Construed in a light to support the verdict, the evidence established that the victim was robbed and then shot to death in the parking lot at his girlfriend's apartment complex. The girlfriend found the victim's body face down beside the passenger side of his vehicle the following morning. Brandon Johnson, a paid informant, told two police detectives that appellant had bragged to him about "robbing and busting a Mexican" with a nine millimeter handgun. The police arrested appellant who, after executing a written waiver of his rights, gave a taped statement in which he admitted that he, Alonzo Bumpers and Timothy Richardson drove into the parking lot of the apartment complex looking for a Hispanic person to rob; they approached the victim as he stood by the passenger side door of his truck; the men demanded money and Bumpers took the victim's wallet; Bumpers and Richardson released the victim and ran away; the victim then grabbed appellant, who shot the victim once during the struggle; and appellant rejoined his accomplices, who gave him $10 as his share of the robbery proceeds and drove him back to a party. Appellant's statement was played for the jury. At trial, expert testimony established that the victim was shot once with a nine millimeter weapon and that the victim was more than three feet away from the weapon when it was fired. Appellant's accomplices entered negotiated pleas to lesser charges and testified against appellant, with Richardson stating that he remained in the car during the crime and Bumpers stating that he ran from the scene after getting the victim's wallet and did not see appellant shoot the victim.

---

[1] The crimes occurred on August 7, 2004. Warren, along with co-defendants Timothy Antonio Richardson and Alonzo Fontay Bumpers, was indicted January 21, 2005 in Cobb County on charges of malice murder, armed robbery and two counts of felony murder predicated on armed robbery and aggravated assault. A jury found him guilty of all counts on July 14, 2005 and he was sentenced on August 25, 2005 to life imprisonment for malice murder and a ten-year consecutive term for the armed robbery, with his felony murder convictions vacated as a matter of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). His motion for new trial, filed September 16, 2005 and amended June 28, 2006 and September 19, 2006, was denied March 30, 2007. A notice of appeal was filed April 20, 2007. The appeal was docketed June 29, 2007 and was orally argued October 15, 2007.

The evidence adduced was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. At trial, Brandon Johnson, the informant who brought appellant to the attention of the police, recanted his statement to the detectives and testified that his knowledge of appellant's involvement in the victim's murder was not based on statements appellant made personally to Johnson but rather was obtained "through the grapevine." Appellant contends the admission of Johnson's testimony violated his Confrontation Clause rights and constituted inadmissible hearsay. We find no reversible error, however, because the hearsay was cumulative of admissible evidence adduced at trial and, in light of the overwhelming evidence of appellant's guilt, there is no reasonable possibility that the confrontation violation contributed to the guilty verdict. See generally *Humphrey v. State*, 281 Ga. 596 (3) (642 SE2d 23) (2007).

3. Because the veracity of witnesses Bumpers and Richardson was placed in issue by cross-examination regarding their motives in testifying, their prior consistent statements were admissible, *Tuff v. State*, 278 Ga. 91 (4) (597 SE2d 328) (2004), and were not improperly admitted to bolster the credibility of Bumpers and Richardson in the eyes of the jury. Compare *Woodard v. State*, 269 Ga. 317 (2) (496 SE2d 896) (1998).

4. The trial court gave the State's requested charge that "the law presumes an intention to kill and malice will be implied" from the use of a deadly weapon. This charge unquestionably violated *Harris v. State*, 273 Ga. 608 (2) (543 SE2d 716) (2001). We find meritless the State's argument that the evidence of malice was so overwhelming as to render the illegal charge harmless. There were no witnesses to the shooting; the victim was shot only once; and appellant claimed in his statement to police that he fired his gun because the victim grabbed at him after appellant's accomplices fled the scene, he did not mean to shoot the victim and he thought he had only wounded the victim in the leg. The fact that the fatal shot was fired from a distance of three or more feet is not inconsistent with appellant's story of a struggle and does not overwhelmingly establish that appellant acted with malice when he shot the victim. Compare *Flanders v. State*, 279 Ga. 35 (8) (609 SE2d 346) (2005) (defendant lured victim to meeting and shot her at close range); *Franks v. State*, 278 Ga. 246 (6) (599 SE2d 134) (2004) (after killing victim's husband at store, defendant went to victim's home, stole money from safe, repeatedly stabbed victim and attacked her children). Accordingly, we reverse appellant's malice murder conviction and remand the case either for retrial on malice

murder or for resentencing on felony murder, which no longer stands vacated as a matter of law.[2] *Cochran v. State*, 276 Ga. 283 (2) (576 SE2d 867) (2003).

5. Because of our holding in Division 4, supra, we address appellant's contention that the trial court committed reversible error in its charge on aggravated assault. However, appellant's contention is based on the same legal theory we rejected in *Patel v. State*, 278 Ga. 403 (5) (603 SE2d 237) (2004). As in *Patel*, appellant was not charged with aggravated assault but only felony murder predicated upon an aggravated assault. Accordingly, the trial court did not err by giving a charge on aggravated assault that permitted the jury to convict if it found that appellant placed the intruder in reasonable fear of receiving a violent injury, even though the indictment specified that appellant, while in the commission of an aggravated assault, caused the victim's death "by shooting him." Id.

6. Appellant contends he received ineffective assistance of counsel. To prevail on this claim under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), appellant must show both deficient performance by trial counsel and actual prejudice. See *Jennings v. State*, 282 Ga. 679 (2) (653 SE2d 17) (2007). Appellant claims counsel never informed him of his right to testify at trial and never talked to him about his case, thereby preventing appellant from explaining that he had lied in his confession to the police out of fear for his family's life. However, the trial court was entitled to believe counsel's testimony at the hearing on the motion for new trial that counsel was "sure" he advised appellant of his right to testify at trial and that counsel met numerous times with appellant, with ample opportunity for appellant to discuss all aspects of the case with counsel.[3] See generally *Coggins v. State*, 275 Ga. 479 (3) (569 SE2d 505) (2002). The evidence supports the trial court's finding that trial counsel's performance was not deficient and was, in fact, reasonably effective.

*Judgment affirmed in part, reversed in part and case remanded. All the Justices concur.*

---

[2] Although appellant was convicted on two counts of felony murder, one predicated on aggravated assault and the other on armed robbery, he cannot be sentenced on both counts because there was only one victim. See *Coe v. State*, 274 Ga. 265 (2) (553 SE2d 784) (2001).

[3] We note that the record reflects counsel filed a motion to suppress appellant's statement. At a hearing, conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), evidence was adduced establishing that the statement was knowingly and voluntarily given. The trial court's denial of the motion to suppress is not challenged on appeal.

Decided January 28, 2008.

*Lawrence J. Zimmerman*, for appellant.

*Patrick H. Head, District Attorney, Reuben M. Green, Dana J. Norman, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Mary N. Kimmey, Assistant Attorney General*, for appellee.