### 4496.. FORD *v.* THE STATE.

1. The Supreme Court has repeatedly held, since the passage of the act of 1856, embodied in the Penal Code (1910), § 1001, that no question can be asked jurors on the voir dire, by either counsel for the State or the accused, other than those prescribed by the statute.  The additional questions which were permitted by the court in the present case were not only unusual, unnecessary, and unauthorized, but were calculated to prejudice the accused by unduly impressing the jury with the gravity and magnitude of the offense charged against him.

2. Although a juror was subject to challenge for cause, on the ground that he was over sixty years of age, yet where it does not appear that the juror served on the panel that tried the accused, or that the accused was compelled, by the overruling of his challenge for cause, to exhaust his peremptory challenges for the purpose of getting rid of the juror, error in holding him competent immaterial.

3. It is in the discretion of the trial judges of this State to have tales jurors summoned for the purpose of completing the regular panel; such talesmen to have such qualifications as are prescribed for regularly drawn jurors.

DECIDED FEBRUARY 4, 1913.

Accusation of sale of liquor; from city court of Brunswick— Judge Krauss.   October 19, 1912.

*J. T. Colson,* for plaintiff in error.

*Ernest Dart, solicitor,* contra.

HILL, C. J.   Lee Ford was convicted of selling intoxicating liquor, and, his motion for a new trial being overruled, he brings error.   One of the assignments of error is that the judge, over his objection, permitted the solicitor to propound to the jurors on the voir dire, in addition to the statutory questions, the following: "Are you in favor of, or opposed to, the enforcement of the law known as the 'prohibition law' of Georgia?"   "Do you consider the enforcement of this prohibition law, which the defendant is charged with violating, of more importance than other misdemeanor statutes, such as shooting on a public highway between sunset and sunrise, injury to bridge signs, throwing a dead carcass in a river, etc.?"   To the latter question two of the jurors replied that "they considered this prohibition statute of more importance, although the enforcement of all statutes was necessary and important, and should be enforced."   These two jurors were objected to by the accused as incompetent, in view of their answer to the question, because their answer indicated an attitude inconsistent with a fair trial for the accused.   The court held the two jurors competent, and in view of this the accused was compelled to exhaust two of his peremptory challenges in order to get rid of the jurors from the panel.   Another juror was challenged by the accused, upon the ground that he was more than sixty years of age; and the overruling of this challenge is assigned as error.   To the question as to his age, this juror replied: "This is my birthday, I am sixty years old to-day.   I do not know what hour I was born, but this is my sixtieth birthday."   The court held that the juror was not over sixty years of age.   Another assignment of error is that the trial court directed the sheriff to complete the regular panel of jurors by summoning six tales jurors.   These jurors were objected to upon the ground that they were not a part of the regular panel, and that the accused was entitled to be tried by the regular panel of jurors.   It appears from the record that the court had the regular panel filled up because of the fact that some of the regular panel jurors were engaged in the consideration of other cases, and it was necessary to fill up the panel by summon-

ing tales jurors. It may be stated that the case, under the facts, was a very close one; and for this reason the special assignments of error which relate to a fair and impartial trial should be considered with great care.

1. The legislature of this State has prescribed the method to obtain fair and impartial juries. It has formulated certain questions to be propounded to the jurors for the purpose of testing their competency, and these questions are embodied in the Penal Code (1910), § 1001. It is true that these statutory questions relate to cases of felony, but trial courts frequently use them for the purpose of testing the competency of jurors in misdemeanor, and even in civil cases, so far as they may be applicable. Since the act of 1856 which prescribes these questions, the Supreme Court has repeatedly and uniformly held that neither counsel for the State nor the accused has the legal right to propound to the jurors upon the voir dire any other questions than those prescribed by the statute. Among the cases in which this was held are *King* v. *State*, 21 *Ga.* 220; *Pines* v. *State*, 21 *Ga.* 227; *Guilford* v. *State*, 24 *Ga.* 315; *Nesbit* v. *State*, 43 *Ga.* 238; *Woolfolk* v. *State*, 85 *Ga.* 69, 94 (11 S. E. 814); *Lindsey* v. *State*, 138 *Ga.* 818 (76 S. E. 369). If a juror to whom these questions are propounded fails to comprehend or understand their purport, the court can explain their meaning, in order that they may be intelligently answered; and, the questions may be varied or changed, so that the juror may answer them. *Fogarty* v. *State*, 80 *Ga.* 450, 460 (5 S. E. 782); *Henry* v. *State*, 33 *Ga.* 441; *Woolfolk* v. *State*, supra. When these statutory questions are properly answered, the juror is prima facie competent, and can then be attacked, by being placed upon the court as a trior, and evidence aliunde introduced for the purpose of showing the incompetency of the juror, or contesting the truth of the answers given to the questions propounded. It seems to us clear, without resort to decisions of the Supreme Court, that the statute settles the questions here made. The Penal Code (1910), § 1001, prescribes the questions; and if, after having answered these questions, the juror is found competent, § 1003 provides, "he shall be put upon the prisoner, and, unless challenged peremptorily, he shall be sworn to try the cause;" and § 1004 declares that when the juror has been found competent, "no other or further investigation, before triors or otherwise, shall

be had, unless upon newly discovered evidence to disprove his answer, or to show him incompetent." We conclude, therefore, that unless the juror be challenged upon the voir dire, in which event the question of his competency shall be decided by the court, no other questions can be asked him, except those prescribed by the statute. In the present case the trial judge introduced an entirely new practice relating to this subject, and a practice which, in our opinion, if approved, would tend to delay the trial of criminal causes and would open wide the door to judicial discretion in determining the great and all-important right of a fair and impartial jury trial. For this reason we are inclined to hold the trial judge to a strict compliance with the rules prescribed by the legislature for the purpose of testing jurors on the voir dire, and to require such compliance not only in felony cases, for which they were prescribed, but also in the trial of misdemeanor cases, when the juror is put upon his voir dire in such cases.

Not only was the rule violated in the present case by the permission given to the solicitor to ask additional questions to those prescribed by the statute, but these additional questions, we think, were calculated to impress the jurors unduly with the unusual magnitude of the offense with which the accused was charged. Upright and intelligent men who are selected to perform the important function of jurors in this State should be presumed to be in favor of the enforcement of all the criminal laws of the State. No reason appears why a juror should be interrogated as to his views and opinions as to the enforcement of any special criminal law. Whether the law meets with his approval or not, it is his sworn duty as a juror to enforce it, and he can not permit his individual views as to its wisdom or expediency to influence his judgment in arriving at the truth as to its violation, without violation of his oath as a juror. We do not mean to say that there are not some criminal offenses affecting the public morals or the public health that are not more important than others, but in a legal sense the violation of every penal statute should stand upon the same footing, and the accused should be tried by the rules of law applicable to each particular offense. Unquestionably the prohibition law was enacted for the public good and to prevent the multiform evils of intemperance, and it should be impartially and strictly enforced, but the same rules of law and

practice that apply to the trial of other offenses apply to trials for the violation of the prohibition statute. After conviction the trial judge, in his discretion, may fix a punishment according to the gravity of the offense in each particular case, and within the statutory limitations. The exception which the learned trial judge made, according to the present record, in the trial of the accused, charged with a violation of the prohibition law, was not only unusual and unnecessary, but may have been prejudicial to the accused, in that it impressed the jury that tried him with the gravity of his offense. Whether this be true or not, this court is unwilling to give its approval to a practice not authorized by the legislature and which might lead to pernicious results.

2. According to the method of computation of time, under repeated rulings of the Supreme Court of this State, the juror was shown by his answer to have been over sixty years of age, but as the record fails to disclose whether the accused was compelled to exhaust his peremptory challenges for the purpose of getting rid of this juror, or even that he served on the jury that tried the accused, the contrary ruling by the trial judge must be regarded as harmless; for, in the absence of such proof, it was immaterial whether the juror was over sixty years old or not.

3. There was no error in having tales jurors summoned for the purpose of filling up the regular panel, it not being insisted that the talesmen thus summoned were otherwise disqualified. For the reasons stated in the first division of the opinion, the judgment refusing a new trial must be        *Reversed.*