## 42572. HARRIS v. THE STATE.
### (339 SE2d 712)

SMITH, Justice.

A Tift County jury convicted the appellant, Napoleon Harris, of the murder and armed robbery of Patrick Jackson. The appellant received two consecutive life sentences. He raises five enumerations of error. We reverse.[1]

On the night of April 25, 1984, the victim left Copeland's Place in Tift County with the appellant, the appellant's brother, and Ken Waller, to buy beer. The victim, who was carrying a large amount of money at the time, purchased the beer for the group. They all subsequently returned to Copeland's Place, where they drank the beer. The victim was last seen alive that night at Copeland's Place with the appellant and the appellant's brother.

Children found parts of the victim's body in a field behind the appellant's house in late May 1984. He had been stabbed to death. Witnesses for the state testified that they had seen the appellant with a watch and a ring similar to the watch and the ring missing from the victim's body. The appellant testified that he had bought the ring from another person, and that he had taken the watch from his sister.

The victim had apparently sold marijuana for Larry Bryant. Bryant testified that the victim had not paid him for all of the marijuana that he sold. Bryant denied paying the appellant and his brother to beat up or kill the victim. Witnesses for the state testified that the victim was afraid of the appellant and his brother, and that the appellant's brother stated, shortly after the victim was last seen, that he and the appellant had been paid $20 to beat someone up, and that they had "left him laying there like he was hurt real bad." The appellant claimed that the victim had been murdered by "some white dudes from New York" over a bad marijuana deal.

1. The appellant, in his first enumeration of error, raises the general grounds. We find the evidence sufficient to support the jury verdict under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant next contends that the trial court erred in refusing to strike, for cause, a state patrolman on the jury panel.

In *Hutcheson v. State*, 246 Ga. 13 (268 SE2d 643) (1980), we held that when "[p]olice officers, employed full-time" appear on a jury panel, "if they are challenged for cause in a criminal case . . . such

---

[1] The crime was committed on April 25, 1984. The Tift County jury returned its verdict of guilty on March 27, 1985. A motion for new trial was filed on April 19, 1985. The transcript of evidence was filed May 23, 1985. The motion for new trial was amended on June 28, 1985, heard and overruled on July 2, 1985. Notice of appeal was filed July 12, 1985. The record was docketed in this Court on July 31, 1985 and submitted on September 13, 1985.

request must be granted." In *Evans v. State*, 222 Ga. 392, 402 (150 SE2d 240) (1966), we stated that the failure by a defendant to use all of his peremptory strikes renders harmless a trial court's error in refusing to strike an unqualified juror.[2] We now abandon the rule for determining harmless error stated by the Court in *Evans*, supra, in favor of the rule proposed by Justice Gregory in his special concurrence in *Blankenship v. State*, 247 Ga. 590, 597 (277 SE2d 505) (1981). See also *Wilcox v. State*, 250 Ga. 745, 759 (301 SE2d 251) (1983) (Gregory, J., concurring specially).

As shown by Justice Gregory in *Blankenship*, supra, a true determination of the harm caused by a trial court's refusal to strike an unqualified juror would require omniscience. The defendant's use of his peremptory strikes will thus no longer play a role in our evaluation of the harm caused by the refusal to strike an unqualified juror. A defendant is entitled to a panel of forty-two qualified jurors. OCGA § 15-12-160. Here, the trial court should have stricken the state patrolman for cause upon request under *Hutcheson*, supra. The defendant's failure to exhaust his peremptory strikes before the twelfth juror was impaneled does not render the error harmless. This ruling will apply to trials commencing after the date of publication in the advance sheets,[3] and to the appellant's case.

3. We find no error in the remaining issues raised by the appellant.

*Judgment reversed. All the Justices concur, except Marshall, P. J., who dissents.*

DECIDED FEBRUARY 25, 1986.

*Mims & Henderson, Larry B. Mims, Emerson D. Henderson,* for appellant.

*David E. Perry, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Staff Assistant Attorney General,* for appellee.

---

[2] The court reaffirmed this rule in *McKinney v. State*, 254 Ga. 503 (330 SE2d 884) (1985).

[3] "Inequity arguably results from according the benefit of a new rule to the parties in the case in which it is announced but not to other litigants similarly situated in the trial or appellate process who have raised the same issue. But we regard the fact that the parties involved are chance beneficiaries as an insignificant cost for adherence to sound principles of decision-making." *Stovall v. Denno*, 388 U. S. 293, 301 (87 SC 1967, 18 LE2d 1199) (1967). For criticisms of such "non-retroactivity" and support of limiting courts' choices to pure prospectivity and total retroactivity, see Beytagh, *Ten Years Of Non-retroactivity; A Critique and a Proposal*, 61 Va.L.Rev. 1557 (1975); Traynor, *Quo Vadis, Prospective Overruling; A Question of Judicial Responsibility*, 28 Hastings L.J. 533 (1977).