A06A1857. SELLERS et al. v. BURROWES et al.
(642 SE2d 145)

SMITH, Presiding Judge.

In this medical malpractice action, the jury found in favor of the defendants, Celio Burrowes and his professional corporation. The plaintiff, Howard Sellers, the surviving spouse of Martha Sellers and the administrator of her estate, appeals. In three enumerations, Sellers contends that the trial court erred by failing to dismiss two jurors for cause. We agree that the trial court erred in failing to dismiss the first juror for cause and must therefore reverse this case for a new trial.

In both civil and criminal cases,

> the trial judge is the only person in a courtroom whose primary concern, indeed primary duty, is to ensure the selection of a fair and impartial jury. Because of this, trial courts have broad discretion to evaluate and rule upon a potential juror's impartiality, based upon the ordinary general rules of human experience, and a trial court may only be reversed upon a finding of "manifest abuse" of that discretion.

(Citations and punctuation omitted.) *Kim v. Walls*, 275 Ga. 177, 178 (563 SE2d 847) (2002). Viewed in this light, the record shows that the trial court conducted voir dire in three phases: First, the trial court asked questions with regard to whether the jurors might be legally disqualified from serving based on a relationship with the parties or their attorneys or a financial interest in the outcome; second, the attorneys asked questions of the jurors as a group; third, the attorneys asked follow-up questions of individual jurors with the opportunity to do so in private at either the attorney's or the juror's request.

1. The first juror at issue in this case was juror number 14. When the jury pool was questioned as a whole, juror number 14 responded affirmatively to plaintiff's counsel's question as to whether "doctors should be given special protections and should be treated differently

than other people who are treated in the same civil setting, tort type of a case, negligence type of a case." When she was questioned individually, she explained why she thought doctors should get "special protections":

> I have three uncles who are doctors. My sister just graduated from medical school. And just like, given the number of people that they see, you know, in the medical profession in itself, I mean, if you are dealing with people, you are, you know, there's — no one answer solves all people. We are not machines. So, I mean, I just see that there might be a likelihood that people may make mistakes. And I don't see how they could be judged very harshly for those. So I'm a little partial to doctors.

When asked whether she could put her "beliefs and backgrounds aside and be fair and impartial based on what the evidence is and what the court charges," she replied, "[t]he evidence would have to be very strong and very clear for me to decide against, I mean, for me to go against what I have told you." Plaintiff's counsel then asked if she would have this belief "regardless of what the court tells you that the standard is?" The juror answered:

> I guess, I guess I could try to keep in mind what the court says. It's just that, you know, I come already with a frame of mind that it might require additional work on one part to convince me otherwise. You know, like I just, I come with this understanding that just from seeing my uncles and, you know, they've been parts of lawsuits. And, I mean, things happen, you know.

At this point, plaintiff's counsel ended his questioning and defense counsel asked if the juror could set aside her personal feelings and "be governed by what the judge tells you is the standard. . . ." The juror stated, "It would require effort and, you know, and policy [sic] on my part not to let my feelings override." Defense counsel asked again if she "could do that for us" and the juror responded, "I would have to keep policy [sic] myself in the course of five days. I don't know. You know, I'm not sure if I can be. I mean, I'm just being candid." The juror added, "I hate to say, I have a stereotype in my head. But just, you know, from personal experiences."

Defense counsel then attempted to rehabilitate the juror as follows:

We are just looking to try and get fair and impartial folks. And that's the object of this. But, also, all of us come in here . . . with some ideas and opinions that we have formulated from our life experience, from our families and other things. And this forum here is really where you sort of lay all that aside. And the court tells you and we hope that people are sophisticated enough and are able to understand that enough to put those aside. Otherwise all of us would be unable to ever look and analyze and make a decision in this context.

The juror then agreed that she "follow[ed]" what defense counsel was saying and stated that "maybe" she would be able to do it.

After a break in which other jurors were questioned, plaintiff's counsel resumed questioning the juror. She once again explained her bias in favor of doctors in general:

Just my overall view is that, you know, doctors deal with people. And each individual is different. And, you know, the chemical composition and everything is different. It's unlikely that they can predict with 100 percent certainty how a procedure is going to go for every single person.

The other thing, also is, given like the, you know, new practices of the insurance companies and how they pay doctors and how the insurance companies, the way they pay doctors, they pay them through — the legal results as soon as possible. I mean, you can't really expect, you know, a human being, you know, people aren't perfect, to work on a consistently fast pace and not make any mistakes.

When asked if she could set these feelings aside after being instructed about the law, the juror acknowledged that she would *not* favor the doctor's position before she heard any evidence. However, she also stated, "the evidence will have to be very, very strong in order for me to change my mind."

When defense counsel asked her again if she could be fair and impartial, she replied that while she wanted an opportunity to serve as juror, in "this particular case, I don't think I'm the best person . . . I think that doctors should be given — I hate to use the word slack, but, I mean, they should be given a little bit of lenience and understanding just because of the speed in which they have to do things and the uniqueness of the human body."

At this point, the trial court stepped in and explained to the juror that

the standard of care takes into account the speed at which doctors, the unpredictability of patients. There are national standards. Doctors are going to come in this case and tell the jury what their opinion is of national standards, which should account for the very things that you're concerned about. If you knew the case was about applying national standards to this doctor's treatment of this gentleman's wife, does that make you feel that you could fairly assess the evidence and apply the law?

The juror replied, "It's hard to say. But I understand now the concept." Even after the judge's explanation, the juror persisted in her belief that she would require "clear and convincing proof" in a case against a doctor and that if she "had doubts about the evidence, [she] would find in favor of the doctor."

At the conclusion of the voir dire, plaintiff's counsel moved to strike the juror for cause and the trial court denied it. Sellers exhausted his peremptory strikes and used one of them to strike juror number 14.

Sellers contends that the trial court abused its discretion by failing to dismiss juror number 14, and we agree.

Running through the entire fabric of our Georgia decisions is a thread which plainly indicates that the broad general principle intended to be applied in every case is that each juror shall be so free from either prejudice or bias as to guarantee the inviolability of an impartial trial. If error is to be committed, let it be in favor of the absolute impartiality and purity of the jurors.

(Citation omitted.) *Guoth v. Hamilton*, 273 Ga. App. 435, 437 (1) (615 SE2d 239) (2005). While there is a presumption "that potential jurors are impartial," Sellers rebutted that presumption in this case. (Citation and punctuation omitted.) *Brown v. Columbus Doctors Hosp.*, 277 Ga. App. 891, 893 (627 SE2d 805) (2006). Despite the best efforts of the trial court and defense counsel to rehabilitate this juror, she did not budge from her belief that she would find in favor of the doctor absent "clear and convincing proof" and that she would resolve any doubts in the evidence in favor of the doctor. As the juror aptly stated, in "this particular case, I don't think I'm the best person" to serve as a juror.

Because the trial court abused its discretion by failing to dismiss juror number 14 for cause and Sellers exhausted his peremptory strikes, Sellers is entitled to a new trial. See *Guoth*, supra, 273 Ga. App. at 440 (1).

2. Our holding in Division 1 renders Sellers' remaining enumerations of error moot.

*Judgment reversed. Ruffin and Phipps, JJ., concur.*

DECIDED FEBRUARY 8, 2007 —

*Joshua Sacks, William G. Pope*, for appellants.

*Hall, Booth, Smith & Slover, Jack G. Slover, Jr., Shaun Daugherty*, for appellees.