A11A0445. STOLTE et al. v. FAGAN et al.
(714 SE2d 339)

MCFADDEN, Judge.

Kerry Stolte and her husband, Scott Ross (together, "Stolte") appeal the defense verdict in favor of dentist M. James Fagan III and his practice (together, "Fagan") in this malpractice case. Stolte argues that in closing argument, defense counsel improperly referred to Fagan's reputation and that the trial court should have stricken four jurors for cause. Because Stolte acquiesced in the trial court's remedy for one reference to reputation and waived her objection to another, and because Stolte has not shown that she was required to exhaust her peremptory strikes, we affirm the verdict.

1. Fifty-one minutes into his closing argument, as he was winding up, defense counsel said, "This is a very serious matter. [Fagan's] conduct, his reputation, his treatment, his care [have] been called into question this week." Stolte's counsel approached the bench to object, and the attorneys engaged in an unrecorded, sidebar conference. The trial court sustained the objection and instructed defense counsel to move on. Defense counsel resumed his closing argument and, within seconds, said:

> Jim Fagan has dedicated his entire professional career to treating patients — to treating dental patients. Getting up, going to the office, to treat the patient, to do a root canal, to do an extraction, to doing whatever needs to be done; and he's been there for his patients. Patients everyday in this town, the town we all live in, trust Jim Fagan for extractions, for dental implants, putting prosthetic teeth in, they trust him for root canals, they trust him for cleanings.

> Every day people sit down in those three examination chairs and say: Dr. Fagan, here I am. Make me better. Take out that tooth. Perform that root canal. Put a crown on my tooth. Build me a bridge so I can get out of pain and get better.
>
> If the patients of Atlanta, the patients of Sandy Springs, the patients of Georgia, can trust Jim Fagan and find him to be a reasonable person and entrust him with their mouth[s] and trust him to do the things that need to be done from a dental standard of care point, you can trust him, too.

A minute and a half later, counsel finished his closing argument. The court then called a 15-minute break.

During the recess, Stolte's attorney objected again, arguing that defense counsel's closing told the jurors that they should return a defense verdict because a plaintiffs' verdict would damage Fagan's reputation. Stolte's attorney asked the court to immediately instruct the jury that it should not concern itself with the impact of a plaintiffs' verdict on Fagan's reputation. He emphasized that he wanted the court to give the instruction at that time rather than later in the general charge. The trial court declined to give any instruction at that time, but agreed to include the word "reputation" when it gave its general charge on the impermissible consideration of sympathy, favor and bias. Plaintiffs' counsel insisted that the charge should be given at that time. Plaintiffs' counsel then completed his closing argument (including telling the jury that it should not be concerned with the issue of a party's reputation).

In the general charge, the trial court instructed the jury:

> The law does not permit jurors in arriving at the verdict to be governed by sympathy, favor, bias, or prejudice. You may not, therefore, render a verdict in this case based on *reputation* or character of the parties or sympathy, favor or bias for either party or prejudice against either party. You should decide this case based upon circumstances as presented to you at the trial and not by the reputation or character of the parties.

(Emphasis supplied.)

Stolte argues that OCGA § 9-10-185 required the trial court to rebuke defense counsel, to instruct the jury to disregard his statements, which were not based on evidence, and to give a curative instruction immediately. However, Stolte acquiesced in the trial court's response to the reference to Fagan's reputation by failing to

complain when the court sustained her objection and instructed defense counsel to move on. *Mote v. State*, 297 Ga. App. 13, 16 (2) (676 SE2d 379) (2009). She did not ask for a rebuke of counsel at that time, nor did she ask for a curative instruction to be given at that time. "We will not reverse a trial court for not taking an action that was not requested at trial." (Citation and punctuation omitted.) *Booker v. Older Americans Council of Middle Ga.*, 278 Ga. App. 407, 409 (1) (629 SE2d 69) (2006).

Stolte did not contemporaneously object to defense counsel's comment that the jury could trust Fagan. Rather, she waited until counsel finished the closing argument and the court had taken a 15-minute break to raise the issue again. "[B]oth the Supreme Court and this court have consistently held that . . . objections based upon improper closing argument are untimely when first made after the closing argument has concluded." *Hamilton v. Shumpert*, 299 Ga. App. 137, 143-144 (3) (682 SE2d 159) (2009). See also *Whitley v. Gwinnett County*, 221 Ga. App. 18, 24 (10) (470 SE2d 724) (1996) ("Pretermitting the propriety of [references in opening and closing arguments to defendant's unblemished record and fine reputation], because the record shows that [appellant] failed to contemporaneously object to them, her argument is waived on appeal."); *Vega v. La Movida, Inc.*, 294 Ga. App. 311, 316 (3) (670 SE2d 116) (2008) (holding that the time to object is when the impropriety occurs at trial). Therefore, Stolte has waived any objection to the comment that the jury could trust Fagan.

2. Stolte asserts that the court should have stricken for cause four prospective jurors, and because it did not, she was forced to use her peremptory strikes on those jurors. Whether or not the trial court should have stricken these jurors for cause, this enumeration of error does not require reversal.

For years, this court and the Supreme Court have held that

> where the record does not show that a party has to exhaust his peremptory strikes in order to exclude a juror properly challenged for cause, the error is not harmful. A party could cure the result of a challenge for cause improperly overruled by striking the juror peremptorily. Only if a party must deplete his peremptory strikes to exclude an improperly seated juror is he considered harmed.

*Sheffield v. Lewis*, 246 Ga. 19, 22 (II) (268 SE2d 615) (1980). See also *Robinson v. Murray*, 198 Ga. 690 (1) (32 SE2d 496) (1944); *Ethridge v. State*, 163 Ga. 186, 191 (136 SE 72) (1926); *Ellison v. Nat. By-Products*, 153 Ga. App. 475, 476 (265 SE2d 829) (1980); *Bridges v. State*, 242 Ga. 251, 252 (3) (248 SE2d 647) (1978); *Felker v.*

*Johnson*, 53 Ga. App. 390, 395-396 (186 SE 144) (1936); *Ford v. State*, 12 Ga. App. 228, 232 (76 SE 1079) (1913). Compare *Meintzer v. Weinberg*, 212 Ga. App. 307, 307-308 (1) (441 SE2d 774) (1994) (holding that because all the plaintiffs' peremptory challenges were exhausted in striking jurors, including one juror who should have been stricken for cause, new trial was required).

The Supreme Court has created an exception. In a 1986 murder and armed robbery appeal, *Harris v. State*, 255 Ga. 464, 464-465 (2) (339 SE2d 712) (1986), the Supreme Court announced a new rule that "[t]he defendant's use of his peremptory strikes will . . . no longer play a role in our evaluation of the harm caused by the refusal to strike an unqualified juror." The court approved "the rule proposed by Justice Gregory in his special concurrence in *Blankenship v. State*, 247 Ga. 590, 597 (277 SE2d 505) (1981)," a death penalty case. Id. at 465. The *Harris* court did not explain its reasons for adopting the new rule beyond stating that the "true determination of the harm caused by a trial court's refusal to strike an unqualified juror would require omniscience." *Harris*, supra. The court also wrote that a defendant is entitled to a panel of 42 qualified jurors, indicating that Harris, like Blankenship, faced the death penalty, although he was sentenced to life. See OCGA § 15-12-160 (when state announces intention to seek death penalty, trial court "shall have impaneled 42 jurors from which the defense and state may strike jurors").

The exception created in *Harris* has been extended to criminal cases not involving the death penalty. See *Park v. State*, 260 Ga. App. 879, 882 (1) (581 SE2d 393) (2003). But it has not been extended to civil cases. See *Guoth v. Hamilton*, 273 Ga. App. 435, 440 (1) (615 SE2d 239) (2005) (acknowledging that the *Harris* rule has not been applied to civil cases, but holding that it was irrelevant as the appellant had exhausted all of his peremptory strikes). Indeed, in *Wallace v. State*, 275 Ga. 879, 881 (3) & n. 11 (572 SE2d 579) (2002), the Supreme Court applied the *Harris* rule and overruled "all cases that have relied upon the old rule, including *Upshaw v. State*, 249 Ga. App. 741, 744 (549 SE2d 526) (2001); *McKenye v. State*, 247 Ga. App. 536 (544 SE2d 490) (2001); *McGriff v. State*, 232 Ga. App. 546 (502 SE2d 482) (1998)." Conspicuously absent from the list of cases being overruled in *Wallace* were any civil cases decided since *Harris* and applying the old rule, such as *Daniel v. Bi-Lo, Inc.*, 178 Ga. App. 849, 852 (1) (344 SE2d 707) (1986), and *Green v. Wilcox*, 206 Ga. App. 192 (424 SE2d 801) (1992).

As recently as 2007, after *Wallace* and long after *Harris* were decided, we held that when the record does not show that a civil litigant has exhausted all of his peremptory strikes, he has failed to show error in the trial court's refusal to disqualify certain jurors for

cause. *Steele v. Atlanta Maternal-Fetal Medicine*, 283 Ga. App. 274, 277-278 (3) (641 SE2d 257) (2007). Compare *Sellers v. Burrowes*, 283 Ga. App. 505 (642 SE2d 145) (2007) (holding that appellant was entitled to a new trial because the trial court erred in declining to dismiss a juror for cause and appellant had exhausted his peremptory strikes). For these reasons, we conclude that the rule remains that in civil cases, a trial court's improper refusal to strike a juror for cause will constitute harm only if a party has exhausted his peremptory strikes.

In this case, the record does not show that Stolte was required to exhaust her peremptory strikes to exclude jurors she claims should have been stricken for cause. Consequently, Stolte has not shown that she was harmed by any error.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MAY 11, 2011 —
RECONSIDERATION DENIED JULY 22, 2011 — 

*Lamar, Archer & Cofrin, Robert C. Lamar, Keith A. Pittman*, for appellants.

*Hall, Booth, Smith & Slover, Terrell W. Benton III, Dean T. Cleaveland*, for appellees.