**FOURTH DIVISION**
**PHIPPS, C. J.,**
**ANDREWS, P. J and MCFADDEN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 10, 2013

# In the Court of Appeals of Georgia

A11A0445. STOLTE et al. v. FAGAN et al.

MCFADDEN, Judge.

This is an appeal from the judgment entered on the defense verdict in a dental malpractice action. We affirmed in *Stolte v. Fagan*, 311 Ga. App. 123 (714 SE2d 339) (2012). In *Stolte v. Fagan*, 291 Ga. 477 (731 SE2d 653) (2012), our Supreme Court reversed and remanded. We therefore vacate our earlier decision.

The appellant enumerated refusal to strike certain prospective jurors for cause and failure to rebuke defense counsel after an objection to his closing argument had been sustained. As to both we held that we could not reach the merits, and as to both the Supreme Court reversed. The Supreme Court also reversed our determination that we could not reach the merits of an improper-argument issue that was not preserved in the trial court. That error, the Supreme Court held, should be analyzed to determine

whether the improper argument, in reasonable probability, changed the result of the trial.

As to jury strikes, we followed a line of cases holding that the denial of a motion to strike for cause would be deemed harmful only if the complaining party had used all allotted peremptory strikes. We noted that a line of cases, beginning with *Harris v. State*, 255 Ga. 464, 464-465 (339 SE2d 712) (1986), had applied a contrary rule in criminal cases, but had not been extended to civil cases. The Supreme Court has now extended *Harris* to civil cases and overruled the cases on which we relied.

As to failure to rebuke after granting an objection to an improper closing argument, we overlooked both another criminal case, *O'Neal v. State,* 288 Ga. 219 (702 SE2d 288) (1981), which held that when trial courts sustain such objections, they must take remedial action of their own initiative, and also overlooked certain secondary authority cited by the Supreme Court which suggests that *O'Neal* is applicable in civil cases as the statute construed there*,* OCGA § 17-8-75, mirrors the corresponding civil statute, OCGA § 9-10-185. The Supreme Court has now extended *O'Neal* to civil cases and overruled the cases which had held to the contrary.

With these holdings in mind, we find that defense counsel's improper reference in closing argument to the defendant's reputation, which the trial court failed to

correct, could have affected the jury's verdict. Accordingly we reverse the judgment and do not reach the jury charge issue nor the other improper-argument issue.

1. *Facts and proceedings below.*

Kerry Stolte and her husband filed this action alleging professional negligence against dentist M. James Fagan III and his practice. The case was tried before a jury. Fifty-one minutes into his closing argument, as he was winding up, defense counsel said, "This is a very serious matter. [Fagan's] conduct, his reputation, his treatment, his care [have] been called into question this week." The trial court sustained the plaintiffs' objection to the reputation comment and instructed defense counsel to move on, but failed to give a curative instruction or to rebuke defense counsel.

Defense counsel resumed his closing argument and, within seconds, said:

Jim Fagan has dedicated his entire professional career to treating patients – to treating dental patients. Getting up, going to the office, to treat the patient, to do a root canal, to do an extraction, to doing whatever needs to be done; and he's been there for his patients. Patients everyday in this town, the town we all live in, trust Jim Fagan for extractions, for dental implants, putting prosthetic teeth in, they trust him for root canals, they trust him for cleanings.

Every day people sit down in those three examination chairs and say: Dr. Fagan, here I am. Make me better. Take out that tooth. Perform that root

canal. Put a crown on my tooth. Build me a bridge so I can get out of pain and get better.

If the patients of Atlanta, the patients of Sandy Springs, the patients of Georgia, can trust Jim Fagan and find him to be a reasonable person and entrust him with their mouth[s] and trust him to do the things that need to be done from a dental standard of care point, you can trust him, too.

Plaintiffs' counsel failed to object contemporaneously to the trust remarks.

After deliberating for nearly seven hours, the jurors could not reach a verdict, sending a note to the judge that they were "at an impasse and unable to come to a unanimous decision." The court adjourned for the weekend. After reconvening, the jury deliberated for several hours more, and then reached the defense verdict.

2. *The improper comments in closing argument.*

In its opinion, the Supreme Court characterized both the reputation comments and the trust comments as improper. 291 Ga. at 482 (2) (a),483 (2) (b). We hold that the improper uncorrected reputation comment could have affected the jury's verdict. We therefore reverse the defense verdict. Accordingly, we are not required to determine whether the improper trust comments in reasonable probability changed the result of the trial.

4

(a) *The reputation comment.*

Once the trial court sustained the plaintiffs' objection to the comment about Fagan's reputation, "the court assumed an independent duty [under OCGA § 9-10-185] to take some remedial action," but it took none. *Stolte*, 291 Ga. at 481 (2) (a). (The court's inserting a reference to "reputation" into the standard sympathy charge was inadequate to meet this duty. Id. at 479 (2), 481 (2) (a)). We therefore must determine whether "the uncorrected improper argument *could have affected* the jury's verdict." Id. at 482 (2) (a) (emphasis supplied). Compare id. at 483 (2) (b) (because plaintiffs did not contemporaneously object to defense counsel's improper argument that the jury could "trust" defendant, the issue was "whether the improper argument *in reasonable probability changed* the result of the trial.") (emphasis supplied).

We conclude that the uncorrected improper reputation argument could have affected the jury's verdict. The jury was not specifically told to disregard the argument, nor was defense counsel rebuked. And within moments, defense counsel made another improper argument, which the trial court never corrected, telling the jurors that they could trust Fagan as the community trusted him. The uncorrected improper trust comments exacerbated the impact of the uncorrected improper argument about reputation. The jurors, who were "at an impasse" before adjourning

5

for the weekend, may well have eventually relied upon the uncorrected erroneous reputation argument to conclude that they, like other members of the community, should trust Fagan and return a defense verdict so as not to damage his reputation. "Since it cannot be established that the general verdict in [Fagan's] favor was unaffected by the uncorrected erroneous argument, it follows that the judgment must be reversed and a new trial held." *Steele v. Atlanta Maternal-Fetal Medicine*, 271 Ga. App. 622, 625 (1) (610 SE2d 546) (2005) (citation omitted), overruled on other grounds by *Smith v. Finch*, 285 Ga. 709 (681 SE2d 147) (2009).

(b) *The trust comments.*

As noted above, the Supreme Court held that defense counsel's trust remarks were improper. *Stolte*, 291 Ga. at 483 (2) (b). But because the plaintiffs did not contemporaneously object, the improper argument would entitle them to a new trial only if the improper argument in reasonable probability changed the result of the trial. Id. Given our reversal because of the reputation comment, we need not make this determination.

3. *The failure to excuse allegedly unqualified jurors.*

Similarly, because we reverse on the basis of the reputation comment, we do not address the plaintiffs' claims of error regarding jury selection.

6

*Judgment reversed. Phipps, C. J., and Andrews, P. J., concur.*