Ray, Judge,
concurring specially.
I write separately to address two points. First, I join in judgment only to Division 2 of the majority opinion because I do not agree with all that is said therein, although I do agree with the result. From the record which is before us, I believe that Juror 9 did express doubts that she could be fair and impartial to the Defendant because of the *362 nature of the charges and the fact that she had a new grandchild. It is true that the juror indicated that she had no personal bias against the Defendant, but it is equally true that the juror was afraid that the charges themselves along with her personal experiences could cause her to be unfair.
At the same time, however, the record before us is “cold.” We do not have the ability to see the juror, listen to her tone in answering the questions, and observe her nonverbal cues and demeanor. The trial court did have that opportunity. More importantly, because only a part of the individual voir dire of the juror was transcribed, we are also deprived of the ability to review the text of other questions to and answers given by Juror 9, which also may have impacted the decision of the trial court in leaving her in the juror pool. As such, I am reluctant to interfere with the discretion of the trial court in denying the motion to excuse.
Secondly, even if we were to hold that it was error for the trial court to have refused to excuse Juror 9, in my view such error was not actually harmful to the Defendant as he excused such juror with a peremptory strike and had an excess of five peremptory strikes that he did not use. Under precedent from our Supreme Court, Harris v. State, 255 Ga. 464 (339 SE2d 712) (1986), however, the Defendant would have been entitled to a new trial. Respectfully, if given the opportunity, I urge our high court to revisit its holding in Harris.
Prior to Harris, “[t]he burden was upon the defendant to show that he was in some way injured by the [court’s refusal to strike a juror for cause].” (Citation omitted.) Evans v. State, 222 Ga. 392, 402 (14) (150 SE2d 240) (1966) (overruled by Harris, supra at 465 (2)). A defendant’s failure to strike the offending venire juror combined with the failure to utilize all of his peremptory strikes “[rendered] harmless a trial court’s error in refusing to strike an unqualified juror.” Harris, supra at 465 (2). Rather than presuming harm, we required the defendant to satisfy a burden of showing some form of harm.
In Harris, our Supreme Court found that “a true determination of the harm caused by a trial court’s refusal to strike an unqualified juror would require omniscience.” (Citation omitted.) Harris, supra at 465 (2). Therefore, it held, “[t]he defendant’s use of... peremptory strikes... no longer play[s] a role in our evaluation of the harm caused by the refusal to strike an unqualified juror.” Id.
In a special concurrence in Blankenship v. State, 247 Ga. 590 (277 SE2d 505) (1981), former Justice Gregory laid out the argument for doing away with requiring a party to show the harm that it experienced as a result of the trial court’s denial of a motion to strike for cause. In his concurrence, he set forth a hypothetical where the State *363 was harmed due to the trial court’s failure to strike a juror for cause.
[Sjuppose the court permits a juror to be impaneled who, on voir dire, has given answers disqualifying him. . . . Assume that juror is number 36 and that another juror who is even more objectionable to the state is impaneled as number 39. Suppose as juror number 36 is placed upon the state in the selection process, a total of [ten] jurors have been selected, and the state has [one] challenge remaining while the defendant has [four]. What does the state do? If the state peremptorily challenges number 36 it will have no way to eliminate number 39. So, the state does not challenge number 36. Neither does the defendant. Then suppose neither party challenges juror number 37. The panel of [twelve] is complete. The state has remaining one unused challenge. It just does not follow that it is harmless error to wrongfully excuse a juror as being disqualified . . . simply because the state does not use all its peremptory challenges and therefore could have been expected to use a challenge to eliminate the juror even if impaneled. There are too many variables which may give rise to the non-use of a peremptory challenge.
(Punctuation omitted.) Id. at 597 (Gregory, J., concurring specially).
On a basic level, I agree that this argument makes sense. There are many variables at play in a party’s use of peremptory strikes during the jury selection process. However, this does not mean that a trial court’s error should be per se reversible. A party should still have to at least attempt to show some harm. In Justice Gregory’s hypothetical, the State could easily proffer on appeal that it was saving its challenge for Juror 39. In fact, the State could have put this fact on the record at the end of jury selection, perfecting the record for purposes of appeal. This would explain why it had a remaining strike, and if in fact Juror 36 should have been struck for cause, it might establish harm.[4]
A defendant is not harmed by being “forced” to exhaust a peremptory strike on an objectionable juror if he otherwise would not have *364 used that strike. Here, the Defendant was likely not harmed through his use of a strike to remove Juror 9. Had the trial court struck Juror 9 for cause, the Defendant would have finished jury selection with six strikes remaining rather than five.[5] I do not see how the Defendant suffered any form of harm by the trial court’s failure to strike Juror 9 for cause when he was still capable of striking all of the jurors he desired. The Defendant should not be given a new trial on the basis of an error that did not harm him.
Applying an automatic presumption of harm is by far the minority position among our sister states. Thirty-nine states, as well as the District of Columbia, require a party to show some form of harm or prejudice to prevail on an appeal of a trial court’s failure to excuse a venire juror for cause.[6] Their individual rules range from a per se rule *365 that there is no harm if the party fails to utilize all available peremptory strikes, to a rule which not only requires a party to exhaust all strikes, but also to request additional strikes and state who they would use them on, to a rule which merely requires a party to show on the record some form of harm. The one thing all these states have in common is that they have abandoned a per se rule of prejudice in the event of a trial court erroneously failing to strike a juror for cause.
Since Harris was decided, the United States.Supreme Court has issued two opinions which are relevant to this discussion. In Ross v. Oklahoma, 487 U. S. 81 (108 SCt 2273, 101 LE2d 80) (1988), the Supreme Court
rejected] the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury. ... So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated.
(Citations and punctuation omitted.) Id. at 88. In fact, according to the Supreme Court, peremptory challenges are “a means to achieve the end of an impartial jury.” Id. As long as the defendant ultimately had an impartial jury, any potential error is truly harmless error.
Although this is an interpretation of the federal Constitution, and is merely a floor for Georgia criminal procedure and our interpretation of the Georgia Constitution, I believe that it should influence how we view the issue in Georgia. Members of our courts have *366 come to the same conclusion applying Georgia law with the backdrop of federal law. Former Justice Carley (joined by former Justice Sears) stated in his dissent in Fortson v. State, 277 Ga. 164, 168-172 (587 SE2d 39) (2003), that
[t]he mere exhaustion or waste of peremptory strikes should not dictate that a given action regarding a disqualified juror is either invariably harmless or necessarily harmful. Instead, the focus under current Georgia law should be on whether any unqualified juror was seated as the ultimate result of errors with respect to jurors challenged for cause.
(Citation omitted.) Id. at 170.
Analyzing a slightly different issue, our Supreme Court unanimously has come to the same conclusion. In Barner v. State, 263 Ga. 365, 367 (4) (434 SE2d 484) (1993), our Supreme Court considered whether a statute which modified the number of strikes given to parties in criminal cases should be given retroactive effect. The Court held that
[t]he exercise of peremptory strikes has long been recognized as a procedure created to assist litigants in obtaining a fair and impartial jury and not an independent substantive right. The substantive right involved is the right to an impartial jury and peremptory strikes are merely one possible procedure that can be used to obtain such a jury.
(Citations omitted.) Id.
In United States v. Martinez-Salazar, 528 U. S. 304 (120 SCt 774, 145 LE2d 792) (2000), the United States Supreme Court was confronted with the same issue again; does the fact that a defendant exercised a peremptory strike to cure an erroneous denial of a motion to strike a venire juror require the reversal of a conviction? The Court held:
[The defendant] had the option of letting [the juror] sit on the petit jury and, upon conviction, pursuing a Sixth Amendment challenge on appeal. Instead, [the defendant] elected to use a challenge to remove [the juror] because he did not want [him] to sit on his jury. This was [the defendant’s] choice. The District Court did not demand . . . that [the defendant] use a peremptory challenge curatively. In choosing to remove [the juror] rather than taking his chances on appeal, [the defendant] did not lose a peremptory chai *367 lenge. Rather, he used the challenge in line with a principal reason for peremptories: to help secure the constitutional guarantee of trial by an impartial jury.
Decided November 10, 2015
The Steel Law Firm, Brian Steel, for appellant.
Shannon G. Wallace, District Attorney, Rachelle L. Carnesale, Cliff Head, Assistant District Attorneys, for appellee.
(Citations, punctuation and footnote omitted.) Id. at 315-316. The peremptory strikes themselves are not the substantive right guaranteed to the accused. The substantive right is the right to a trial by a fair and impartial jury. The strikes are merely a means to an end, a way to ensure litigants obtain a fair and impartial jury.
Allowing a defendant an automatic reversal in the event a biased juror is not struck for cause in essence gives the defendant a “free second bite at the apple.” Yes, it does give the prosecution a reason not to fight to keep a juror who is questionably biased in the jury pool, but that incentive is already there. A defendant who is convicted by a jury with even one biased juror has a constitutional claim for reversal. See Parker v. Gladden, 385 U. S. 363, 366 (87 SCt 468, 17 LE2d 420) (1966) (defendants are “entitled to be tried by 12, not 9 or even 10, impartial unprejudiced jurors”). The inclusion of even a single biased juror will require a reversal on appeal. Defendants are faced with a choice: strike the venire juror believed to be biased using a peremptory strike, or save the strike for someone believed to be even more objectionable and leave the potentially biased juror on the panel, saving a basis for appeal in the event of conviction.
In the event the defendant fails to strike the venire juror and retains strikes, there is likely no harmful error. He had the ability to remove that alleged influence. In the event the defendant strikes the potentially biased venire juror and fails to utilize all of his allotted strikes, there likely is no harmful error. His strikes served the purpose they were intended to serve. In both instances, there should be no reversal if the defendant suffered no harm. However, if the defendant utilizes all of his strikes, including one on a venire juror who should have been struck for cause, and ultimately is unsatisfied with the petit jury, then some harm is possibly present. It is this situation in which we should focus our scrutiny, not in other situations where no possible harm could exist.

 For those who argue that such a process would he too speculative and unwieldy, I point to the procedure used in challenging the strikes of the opposing party under Batson v. Kentucky, 476 U. S. 79 (106 SCt 1712, 90 LE2d 69) (1986). In a Batson challenge, the party striking a juror for an alleged impermissible purpose is required to justify that strike after the fact and the Court is called upon to decide if the nondiscriminatory reason given for the strike is genuine or merely a pretext. Certainly, then, the Court could likewise determine the sincerity of counsel’s claim that it would have struck other jurors had it not been forced to use a peremptory strike on a juror who should have been struck for cause.

 Here, I assume for the sake of argument that the trial court should have struck Juror 9.

 See Hammock v. State, 52 P3d 746, 750 (Alaska App. 2002) (Defendant used peremptory challenge to strike juror A.B., who the trial court erroneously failed to strike for cause, then exhausted his challenges. Court held that even identifying that he would have struck juror S.A. had the court struck A.B. for cause was not sufficient to establish prejudice, as he did not “demonstrate some reason to believe that one or more of the jurors who decided his case were, in fact, not fair.” (Citation and punctuation omitted.)); State v. Sutherland, 231 W. Va. 410, 418-420 (2013) (overturning prior precedent to require defendant to show prejudice and stating that Georgia is in the clear minority of states that do not require a showing of prejudice); State v. Kuhs, 224 P3d 192, 198 (Ariz. 2010) (no error if defendant peremptorily strikes juror and does not raise a claim that the jury that decided his case was not fair and impartial); State v. Wilkins, 693 NW2d 348, 351 (Iowa 2005) (same); State v. Daniel, 606 NW2d 532, 535 (S.D. 2000) (same); State v. Manning, 19 P3d 84, 97 (Kan. 2001) (overruled on other grounds by State v. King, 204 P3d 585 (Kan. 2009)) (same); State v. Ramos, 808 P2d 1313, 1315 (Idaho 1991) (same); Miles v. State, 85 SW3d 907, 911 (Ark. 2002) (“the loss of a peremptory challenge cannot be reviewed on appeal... the appeal focuses specifically on those who were seated on the jury ... a challenge must show that the appellant was forced to accept a juror who should have been excused for cause.” (Citations and punctuation omitted.)); State v. DiFrisco, 645 A2d 734, 753 (N.J. 1994) (same); Harmon v. State, 248 P3d 918, 932 (Okla. Crim. App. 2011) (same); State v. Mannix, 326 P3d 1236, 1242 (Ore. App. 2014) (same); State v. Schmeiderer, 319 SW3d 607, 633 (Tenn. 2010) (same); State V. Maestas, 299 P3d 892, 911 (Utah 2012) (same); State v. Fire, 34 P3d 1218, 1224 (Wash. 2001) (same); Preciado V. State, 318 P3d 176, 179 (Nev. 2014) (defendant cannot be prejudiced by juror who did not sit on jury); State v. Lindell, 629 NW2d 223, 251 (Wis. 2001) (same); Lecato v. State, 763 A2d 91 (Del. 2000) (defendant may not challenge denial of motion to strike if defendant retained any unused peremptory challenges); Ware v. State, 759 A2d 764, 771 (Md. App. 2000) (same); State v. Isiah, 781 P2d 293, 302 (N.M. 1989) (same); State v. Jaster, 690 NW2d 213, 217 (N.D. 2004) (same); State v. Green, 392 SE2d 157, 159 (S.C. 1990) (same); People v. Whalen, 294 P3d 915, 951 (11), (12) (Cal. 2013) (defendant cannot challenge trial court’s alleged erroneous denial of motion to strike when he fails to utilize all peremptory challenges and does not express dissatisfaction with the seated jury); Weisheit v. State, 26 NE3d 3, 13 (Ind. 2015) (same); People v. Holliday, 376 NW2d 154, 162 (Mich. App. 1985) (same); State v. Percy, 595 A2d 248, 253 (Vt. 1990) (same); State v. Barnville, 445 A2d 298, 301 (R.I. 1982); State v. Omar, 43 A3d 766, 768 (Conn. App. 2012) (defendant must not only utilize all peremptory challenges, but also must seek additional challenges from the court and have that request denied before being able to appeal trial court’s denial of motion to strike for cause); State v. Iuli, 65 P3d 143, 152 (Haw. 2003) (same); People v. Bowens, 943 NE2d 1249, 1257 (Ill. App. 2011) (same); State v. Clemmons, 639 SE2d 110, 112 (N.C. App. 2007) (same); Hernandez v. State, 390 SW3d 310, 316 (Tex. Crim. App. 2012) (same); Jones v. United States, 27 A3d 1130, *365 1150 (D.C. App. 2011) (court does not even evaluate whether trial court erred in refusing to strike juror for cause if defendant strikes that juror); State v. Jamison, 365 SW3d 623, 627 (Mo. App. 2012) (same); Albarran v. State, 96 S3d 131, 162 (C) (Ala. Crim. App. 2011) (“failure to remove a juror for cause is harmless when that juror is removed by the use of a peremptory strike” (Citation omitted.)); Commonwealth v. Chambers, 685 A2d 96, 107 (Pa. 1996) (“harmless error when a juror who should have been excluded for cause is actually excluded by a peremptory challenge, if the defense does not exhaust its peremptory challenges” (Citations omitted.)); Street v. State, 592 S2d 369, 370 (Fla. Dist. Ct. App. 1992) (defendant “must identify a specific juror whom he otherwise would have struck peremptorily. This juror must be an individual who actually sat on the jury and whom the defendant either challenged for cause or attempted to challenge peremptorily or otherwise objected to after his peremptory challenges had been exhausted.”); Commonwealth v. Seabrooks, 743 NE2d 831, 837 (Mass. 2001) (same); State v. Prtine, 784 NW2d 303, 311 (Minn. 2010) (same); Johnson v. State, 68 S3d 1239, 1247 (Miss. 2011) (same); State v. Daly, 775 NW2d 47, 70 (Neb. 2009) (“even the erroneous overruling of a challenge for cause will not warrant reversal unless it is shown on appeal that an objectionable juror was forced upon the challenging party and sat upon the jury after the party exhausted his or her peremptory challenges”); State v. Hale, 892 NE2d 864, 888 (Ohio 2008) (same).